■ In the Matter of the Arbitration between SPANISH GARDENS COMPANY et al., Respondents, and LOCAL 32B-32J, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Appellant, et al., Respondent. — Judgment, Supreme Court, New York County (Greenfield, J.) entered on June 17, 1981, which granted petitioner-respondent's application to stay arbitration, unanimously reversed, on the law, with costs, and the motion to stay denied. On May 12, 1980, the petitioner, Spanish Gardens, as owner of an apartment building in Jackson Heights, Queens, entered into a collective bargaining agreement with the

respondent union. Article 6 of this contract provided that if the subject building was sold or transferred, the seller or transferor was required to give the union two weeks' prior notice of any impending transaction. In addition, the buyer or transferee had to agree to assume all obligations under the collective bargaining agreement and had to offer employment to those union members who were working in the subject building. Article 5 of this contract contained a broad arbitration provision requiring that, if a dispute could not be mutually settled, then "[a]ny dispute or grievance" shall be submitted to the arbitrator. Nine months after signing this agreement, petitioner sold the building to D.I.A.N. Realty Holding Corporation. On this same day D.I.A.N. transferred the same property, without consideration, to a third party. The day following this conveyance, on February 13, 1981, the new owner discharged five union members. The parties could not settle their differences and, the union, pursuant to article 5 of the contract, sought arbitration. The union asserted that petitioner violated article 6 of the agreement by not furnishing timely notice of the sale, and that petitioner failed to require the new owner to sign the collective bargaining agreement and to offer work to the union employees. Petitioner sought to stay arbitration on the ground that no valid agreement to arbitrate existed. Special Term ruled the matter was not arbitrable in that the core of the union's complaint centered around the underlying intent of petitioner. We cannot agree with this determination and now reverse. The function of the judiciary, in matters of this nature, is circumscribed. The Court of Appeals has instructed that in the realm of arbitration, courts play "a minimal role". (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 95.) In *Nationwide,* the court determined (p 96) the limits of this province. "[T]he courts perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration. Once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended." On the facts before us the union sought to arbitrate issues surrounding the conveyance of a building, in which several union members were employed, and, whether the prior owner, the petitioner herein, who was a signatory to this agreement, complied with several contract provisions. These questions, whether the petitioner provided the required two weeks' notice, and whether petitioner required the new purchaser to sign and assume all obligations under the collective bargaining agreement, are all contemplated, and, even more than that, are directly covered under article 6. Therefore, a reasonable relation exists between this dispute and the underlying contract. Special Term erred when it delved into the merits of this dispute (see CPLR 7501) and encroached on an area reserved for the arbitrators. Concur — Sandler, J. P., Ross, Carro and Silverman, JJ.