◼ In the Matter of the Arbitration between HARVEY MARTIN et al., Respondents, and SEYMOUR SCHNEIDMAN & ASSOCIATES, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered March 28, 1989, which granted the application by petitioners to stay arbitration of respondent's claim for damages arising from the alleged diversion of a partnership opportunity and profits, unanimously reversed, on the law, the application denied and the stay vacated with costs.

Petitioners, Harvey Martin and Bruce Wolk, are former partners of respondent Seymour Schneidman & Associates (SSA). On November 21, 1988, SSA demanded arbitration of its claim for $1.1 million, representing partnership opportunities, fees and profits which were allegedly diverted by petitioners to the benefit of themselves and others in breach of their partnership obligations. The demand for arbitration set forth "the nature of the dispute" as follows: "Claim by accounting firm against respondents, expelled former partners, for breach of their obligation to claimant under a partnership agreement, for breach of their fiduciary duty arising out of the partnership relation, and for the wrongful diversion and misappropriation of partnership business and opportunity. Respondents appropriated to their own use and benefit the opportunity of the partnership to obtain fees subsequently paid in connection with the syndication of Days One Limited."

The "partnership agreement" referred in this demand is in fact the amended partnership agreement dated March 1, 1980 (Agreement) signed by petitioners and the other seven partners of SSA at the time. The Agreement contains the following

arbitration provision: "16. Arbitration Any controversies, claims or disputes arising under or relating to this Agreement or the breach thereof shall be submitted to arbitration in New York in accordance with the rules then in effect of the American Arbitration Association and judgment upon the award rendered may be entered in any Court having jurisdiction thereon."

On its face this is a " 'broad' " arbitration clause "agreeing generally to submit to arbitration all disputes arising out of the contract, or any dispute relating to the meaning and interpretation of the underlying agreement." *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95; *Matter of Schachter [Witte & Co.],* 52 AD2d 121, *affd* 41 NY2d 1067.)* In its demand for arbitration SSA is basically claiming that the fees developed in large part by petitioner Martin while still a partner in the course of a syndication financing properly belonged to the partnership, and were improperly diverted by petitioners in breach of the partnership agreement. Petitioners appear to argue that since paragraph 5 of the Agreement defines "profits of the Partnership" in relevant part as "revenues generated by the Partners from the practice of accounting", the Days One Limited syndication service fees fall outside the Agreement as constituting "investment income", and therefore not subject to partnership entitlement and distribution. IAS agreed with petitioners, holding that any understanding to include the Days One syndication receipts would constitute an unenforceable oral modification of the Agreement.* By thus becoming entangled in the merits of the controversy, IAS erred in failing to give appropriate deference to CPLR 7501 which provides in relevant part: "In determining any matter arising under this article, *the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute."* (Emphasis added.)

As the Court of Appeals held in *Matter of Nationwide Gen. Ins. Co. (supra,* at 96): "Basically the courts perform the initial screening process designed to determine *in general terms* whether the parties have agreed that the subject matter under dispute should be submitted to arbitration. *Once it appears that there is, or is not a reasonable relationship*

---

* IAS overlooked the fact that $150,000 of those fees are conceded by petitioners to constitute payment for accounting services billed and paid for to a third party in connection with the syndication.

*between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended."* (Emphasis added; *see also, Matter of Exercycle Corp. [Maratta],* 9 NY2d 329, 334; *Matter of Spanish Gardens Co. [Local 32B-32J, Serv. Employees Intl. Union,* 86 AD2d 815, 816, *affd* 56 NY2d 826.) Essentially, "the court is limited to determining if a valid arbitration agreement was made and if there is a dispute, whether tenable or not." *(Matter of Public Relations Aids [Toohey],* 109 AD2d 502, 512; *Sisters of Saint John the Baptist v Geraghty Constructor,* 67 NY2d 997.)

There is no merit to the contention that the panel in a prior arbitration between these parties has concluded that this claim is not arbitrable; on the contrary, the final written communication from the panel chairman to the parties was precisely to the contrary. Nor has respondent ever elected to waive the remedy of arbitration by submitting this particular claim to litigation in a Federal court. Concur—Carro, J. P., Kassal, Ellerin, Wallach,and Rubin, JJ.