■ RALPH R. FERNEY, Respondent, v LESLIE G. F. FERNEY, Appellant. [609 NYS2d 197] —Order of Supreme Court, New York County (Myriam J. Altman, J.), entered on or about June 14, 1993 which granted plaintiff's motion to compel arbitration with respect to the amount of alimony payable to defendant after 1993 and order entered July 20, 1993, which granted defendant's motion to reargue and plaintiff's cross-motion for modification of the June 14, 1993 order, reversed to the extent appealed from, on the law and the facts, and the motion to compel arbitration is denied in its entirety, with one bill of costs.

Plaintiff and defendant were divorced by judgment dated December 15, 1977, which judgment incorporated the terms of the parties' separation agreement, as amended by an Agreement of Amendment dated July 1, 1977 (the "Agreement"). Paragraph 9 (F) of the Agreement provides, *inter alia,* that "Revision of Alimony" will occur if there is a change in custody of the parties' only child or in the event of the death, emancipation or majority of the child. Paragraph 9 (F) further provides that if after the occurrence of one of the aforementioned conditions the parties cannot agree to an adjusted alimony formula, then the matter would be submitted to arbitration.

In addition Paragraph 25 of the Agreement provides, in

pertinent part: "Except as otherwise provided in this agreement for matters referable to Family Court, any controversy arising out of or relating to this agreement or the breach thereof shall be settled by arbitration".

In December 1989, the parties' only daughter attained the age of 21 and, after the parties failed to agree on the amount of alimony payable to defendant-wife, the matter proceeded to arbitration. The arbitrator subsequently rendered an award (the "Award") which stated, *inter alia,* that plaintiff-husband was required to pay $2,500 per month to defendant-wife and that the obligation to pay alimony would terminate upon the earliest of: the death of either party, the remarriage of defendant-wife, or December 31, 1993.

Defendant thereafter moved to vacate the Award and plaintiff cross-moved to confirm. By judgment entered August 9, 1991, the IAS Court granted defendant's motion to vacate to the extent only of striking that portion of the Award which provided for the cessation of alimony after 1993 and granted plaintiff's cross-motion to the extent of confirming the remainder of the Award. This Court affirmed that judgment *(Ferney v Ferney,* 184 AD2d 252, *lv denied* 81 NY2d 702).

In April 1993, plaintiff moved to compel arbitration to determine the amount of alimony payable after 1993. Defendant cross-moved for contempt and an order enjoining plaintiff from further litigation or arbitration. By decision and order dated June 14, 1993, the IAS Court granted plaintiff's motion and directed the parties to proceed to arbitration in order to determine the appropriate level of alimony "for 1993". Justice Altman then granted defendant's motion to reargue and plaintiff's cross-motion to modify the prior order to the extent of substituting "after 1993" in place of the phrase "for 1993." We now reverse.

Once that part of the Award of the arbitrator which provided for the termination of alimony after December 31, 1993 was vacated, a continuing obligation remained, beyond the expunged termination date, requiring plaintiff-husband to make alimony payments to defendant-wife of $2,500 per month. This obligation continues absent a change in circumstances as provided under paragraph 9 (F) of the Agreement or some other controversy arising out of the Agreement under paragraph 25. Plaintiff, however, has failed to demonstrate such a change or any other cognizable dispute arising out of the Agreement and, as a result, we hold that no arbitrable controversy exists which would trigger arbitration *(see, Sisters*

*of St. John the Baptist, Providence Rest Convent v Phillips R. Geraghty Constructor,* 67 NY2d 997; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91).

As to the plaintiff's argument that the IAS Court in its decision authorized arbitration pertaining to support after 1993, it is noted that the decision of the IAS Court dated June 19, 1991 specifically provides that "[i]f the parties' circumstances change and they cannot agree on the amount to be paid after 1993, they can arbitrate the matter." Plaintiff has not shown any such change of circumstances.

To the extent that plaintiff seeks an advisory opinion from an arbitrator as to what his alimony obligations will be in the event he chooses to accept his employer's retirement plan, we hold that such a matter does not fall within the scope of the Agreement's arbitration provisions *(see, Sisters of St. John the Baptist, Providence Rest Convent v Phillips R. Geraghty Constructor, supra,* at 998; *Bowmer v Bowmer,* 50 NY2d 288). Concur—Sullivan, J. P., Carro, Wallach and Tom, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Altman, J.