■ RALPH R. FERNEY, Respondent, v LESLIE G. F. FERNEY, Appellant. [674 NYS2d 35] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about January 21, 1997, which granted plaintiff's *pro se* motion to compel arbitration concerning the amount of alimony payable to defendant and denied defendant's cross motion to dismiss the petition, unanimously reversed, on the law, with costs, plaintiff's motion denied, defendant's cross motion granted and the award vacated.

The parties to this action were married in 1967 and divorced in 1977. By the terms of an amendment to their separation agreement, which was incorporated but not merged into the divorce judgment, plaintiff was to pay defendant a base annual alimony of $24,000 until January 1, 1979, with annual adjustments thereafter not to exceed $45,000 per year. The agreement expressly provides that plaintiff's obligation to pay alimony will cease only upon either party's death or defendant's remarriage. Paragraph 9 (F) provides for a "Revision of Alimony" only upon the occurrence of any of three specified conditions: (1) a change in custody of the parties' daughter; (2) the daughter's death, emancipation or majority; or (3), as is relevant herein, an increase in defendant's income over $20,000

per year plus the cost of living index. Under the third contingency, plaintiff's obligation to pay defendant alimony would cease in the succeeding year. Under either of the first two contingencies, adjustments in the amount of alimony were to be made by agreement between the parties or, in the absence of agreement, by submission to arbitration. Paragraph 25 of the agreement further provides that "except as otherwise provided in this agreement for matters referable to Family Court, any controversy arising out of or relating to this agreement or the breach thereof shall be settled by arbitration."

At the outset, we note that this is the third occasion on which we have before us the interpretation of the same parties' "Revision of Alimony" provision. On the first occasion, when the parties' only child reached the age of 21 in 1989—one of the specified events that would trigger the revision clause—the parties could not reach agreement as to the alimony due thereafter. Upon the parties' submission of the matter to arbitration, an award was issued setting alimony in the amount of $2,500 per month. The award further provided that plaintiff's obligation to pay alimony would terminate upon the death of either party, defendant's remarriage or on December 31, 1993. The IAS Court confirmed the award except as to the provision for termination of support on December 31, 1993. On appeal, this Court agreed with the IAS Court's finding that the arbitrator had exceeded his power by permanently terminating plaintiff's obligation in this manner when the agreement explicitly provided the sole conditions under which such obligation might change or terminate, none of which had occurred (*Ferney v Ferney*, 184 AD2d 252, *lv denied* 81 NY2d 702). Our decision (the 1992 decision) concluded with the observation that, "[s]hould the parties fail to reach an agreement on support after 1993, they may once again resort to arbitration" (*supra*).

On the second occasion, plaintiff moved in 1993 to compel arbitration, relying upon the language of our 1992 order to mean that, as a general matter, the parties should arbitrate if they disagreed about the amount of alimony due after 1993. However, that language was not meant to eliminate the necessity for one of the three specified conditions to occur in order for there to be a revision at all, whether by agreement or by arbitration. That is, the parties could only "fail to reach an agreement" such as to warrant arbitration if one of the conditions came to pass and revision was authorized in the first place.

The IAS Court, however, granted plaintiff's motion, citing the absence of agreement between the parties. We reversed the

court's order and denied plaintiff's motion to compel arbitration, finding that the arbitration award reviewed in our 1992 decision had set a particular amount of alimony, that that amount represented a continuing obligation, and that "[t]his obligation continues absent a change in circumstances as provided under paragraph 9 (F) of the Agreement or some other controversy arising out of the Agreement under paragraph 25" (*Ferney v Ferney*, 202 AD2d 307, 308, *lv denied* 84 NY2d 808). The language "absent a change in circumstances as provided under paragraph 9 (F)" makes clear that only a change specified in paragraph 9 (F) will suffice to warrant a revision of alimony. As none of the specified changes in circumstance had occurred, we concluded that "no arbitrable controversy exists which would trigger arbitration" (*supra*).

Plaintiff has now moved once again to compel arbitration, alleging a change in his circumstances, specifically his retirement. The IAS Court concluded that "plaintiff is entitled to return to arbitration to seek a change in alimony if he can show a change in circumstances which this court finds he has done." Accordingly, the court granted plaintiff's motion and it is this order that is on appeal before us. We note that an arbitration was held pursuant to this order, and an award rendered reducing plaintiff's monthly obligations in two stages. Defendant participated in the arbitration after her application for a stay was denied.

We find that the IAS Court erred in granting plaintiff's motion. Indeed, in all relevant respects, the circumstances are virtually identical to those presented to us on the last occasion when plaintiff sought to compel arbitration. In citing to a change in circumstance, without reference to the critical qualifying phrase "as provided in paragraph 9 (F) of the Agreement," the IAS Court has effectively rewritten the parties' agreement to read that any change of circumstance entitles plaintiff to a revision of alimony, and, upon the parties' disagreement as to the amount, to arbitration; this is in direct contradiction to the explicit terms of the agreement itself. Thus, while the IAS Court considered plaintiff's claim of retirement sufficient to warrant invoking the "Revision of Alimony" clause, this particular contingency is simply not one of those specified in the agreement. Accordingly, plaintiff was not entitled to seek a revision of alimony under the agreement because nothing had occurred to trigger that provision of the agreement, and plaintiff's motion to compel arbitration should therefore have been denied.

We have examined plaintiff's remaining arguments and find

them to be without merit. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.