Rutella v National Sec. Corp. (2019 NY Slip Op 03833)





Rutella v National Sec. Corp.


2019 NY Slip Op 03833


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-03539
 (Index No. 601067/16)

[*1]Nico Rutella, etc., appellant, 
v
National Securities Corporation, et al., respondents.


Virginia & Ambinder, LLP, New York, NY (James E. Murphy, Jack L. Newhouse, and Leeds Brown Law, P.C. [Jeffrey K. Brown, Daniel Markowitz, and Brett R. Cohen], of counsel), for appellant.
Baker & Hostetler LLP, New York, NY (Daniel J. Buzzetta and Amy J. Traub of counsel), for respondents.



DECISION & ORDER
In a putative class action to recover damages for violations of Labor Law articles 6 and 19, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered October 3, 2016. The order, insofar as appealed from, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 7503 to compel arbitration of the plaintiff's individual claims and stay all proceedings in the action pending arbitration.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to compel arbitration of the plaintiff's individual claims and stay all proceedings in the action pending arbitration is denied.
The plaintiff executed a Registered Representative Independent Contractor Agreement (hereinafter the Agreement) pursuant to which he allegedly worked selling or marketing financial products on behalf of the defendants, which were both members of the Financial Industries Regulatory Authority (hereinafter FINRA). The Agreement provided that any disputes arising out of or relating to the Agreement would be "settled by FINRA arbitration." The plaintiff also executed a Uniform Application for Securities Industry Registration or Transfer (hereinafter Form U4), by which he registered with FINRA as a general securities representative of the defendant National Securities Corporation. Pursuant to the Form U4, the plaintiff agreed to arbitrate any dispute arising between him and his "firm . . . that is required to be arbitrated under the rules, constitutions, or by-laws of [FINRA]."
The plaintiff thereafter commenced this putative class action to recover damages for violations of Labor Law articles 6 and 19 on behalf of himself and others similarly situated, alleging that the defendants had failed to pay required minimum and overtime wages. The defendants moved, inter alia, pursuant to CPLR 7503 to compel arbitration of the plaintiff's individual claims and to stay all proceedings in this action pending the arbitration. The plaintiff opposed the motion, arguing that his claims in the action, since they were asserted as class claims, did not fall within the parties' [*2]arbitration agreement. The Supreme Court, in effect, granted that branch of the motion, and the plaintiff appeals.
Arbitration is a matter of contract, and arbitration clauses, which are subject to ordinary principles of contract interpretation, must be enforced according to their terms (see Volt Info. Sciences v Leland Stanford Jr. Univ., 489 US 468, 474-475; Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630; Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 201; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567, 569).
Here, the plaintiff correctly contends that the parties did not agree to arbitrate the claims asserted by the plaintiff in this putative class action. The parties' agreement required that any controversy between the parties arising out of the Agreement would be "settled by FINRA arbitration." Any claim settled by FINRA arbitration must be settled according to FINRA rules (see Abed v John Thomas Fin., Inc., 107 AD3d 578, 579; Gomez v Brill Sec., Inc., 95 AD3d 32, 37; Lloyd v J.P. Morgan Chase & Co., 791 F 3d 265, 268). Under FINRA Rule 13204(a)(4), the defendants are not permitted to enforce an arbitration agreement against a member of a putative class action with respect to any claim that is the subject of the putative class action, unless, among other things, class certification is denied. By agreeing to apply this rule to any arbitration between the parties, the defendants agreed not to arbitrate any claim that is the subject of a putative class action (see Abed v John Thomas Fin., Inc., 107 AD3d 578; Gomez v Brill Sec., Inc., 95 AD3d 32; Nielsen v Piper, Jaffray & Hopwood, Inc., 66 F 3d 145; see also Lloyd v J.P. Morgan Chase & Co., 791 F 3d 265).
The defendants' contention that the Agreement contained a broad and unequivocal arbitration provision that required the parties to arbitrate all disputes without exception ignores the clause "settled by FINRA arbitration" and the implications of agreeing to arbitrate before that forum. The defendants further contend that the plaintiff is using the class action as a device to avoid arbitration and that he should not be permitted to avoid arbitration so easily, particularly given the public policy favoring arbitration. However, the prohibition against enforcing arbitration agreements against members of a putative class action becomes inapplicable if class certification is denied. Thus, to actually avoid arbitration, the plaintiff cannot merely allege class claims in a complaint. The plaintiff must ultimately establish his entitlement to class certification. To do so, the plaintiff must prove, among other things, that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901[a][5]; see CPLR 902). In short, the defendants' contention that the assertion of a class action provides a ready means to circumvent the parties' arbitration agreement is without merit.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 7503 to compel arbitration of the plaintiff's individual claims and to stay all proceedings in this action pending the arbitration.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court