OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the petition to stay arbitration denied.
 

 Respondent, Phillips R. Geraghty Constructor, Inc., contracted with petitioner, the Sisters of St. John the Baptist, to renovate their convent, an old building then in disrepair. The agreement — essentially, the American Institute of Architects
 
 *998
 
 Abbreviated Form of Agreement Between Owner and Contractor — was a limited-scope construction contract for the stipulated sum of $592,000. In a rider, the parties provided for added allowances for "changes in the scope of work”, but the total contract price was in no event to exceed $700,000. The agreement contemplated arbitration of "[a]ll claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof’.
 

 Work commenced in September 1982, and as the renovation proceeded, the contract was several times modified to reflect the extra work apparently necessitated by unforeseen conditions. Respondent submitted monthly payment applications through the architect (who functioned as petitioner’s representative), and as of May 1983 had received $631,431.75 for labor and materials. Shortly thereafter a dispute developed concerning cost overruns, and when agreement could not be reached, respondent refused to continue.
 

 In January 1984, respondent filed a notice of intention to arbitrate, demanding $310,068.25 as the unpaid balance due for labor and materials supplied to the project in accordance with instructions of the architect. According to respondent’s demand, "portions of said labor and materials were outside the scope of the [parties’] agreement.” Petitioner sought to stay arbitration, claiming that the labor and materials for which respondent sought payment were not authorized by the contract or any written change order, and therefore not subject to arbitration. Special Term’s stay of arbitration was affirmed by the Appellate Division, one Justice dissenting.
 

 It is of course for the court in the first instance to determine whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement. The court’s inquiry ends, however, where the requisite relationship is established between the subject matter of the dispute and the subject matter of the underlying agreement to arbitrate. In disputes subject to arbitration, interpretation of particular contract terms must be left for the arbitrators
 
 (see, Matter of County of Rockland [Primiano Constr. Co.],
 
 51 NY2d 1, 5;
 
 Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,
 
 37 NY2d 91, 95-96).
 

 Here, the subject matter of the dispute falls within the ambit of the arbitration agreement. The arbitration clause provided broadly for arbitration of all disputes "arising out of,
 
 *999
 
 or relating to, the Contract Documents”. "Contract Documents” referred not only to the original agreement and plans but also to later modifications and written changes, the intent being to include "all items necessary for the proper execution and completion of the Work.” "The Work comprises the completed construction required by the Contract Documents and includes all labor necessary to produce such construction, and all materials and equipment incorporated or to be incorporated in such construction.” Given these defined terms, disputes relating to extra work allegedly authorized and required for execution and completion of respondent’s renovation of the convent arise out of or relate to the "Contract Documents” and thus fall generally within the arbitration clause.
 

 Two additional points bear note. First, the lower courts placed undue reliance on respondent’s statement in its demand that "portions of said extra work were outside the scope of the above described agreement”. While the particular items that are the subject of the claim may or may not be outside the scope of the original documents, the parties also provided for "changes in the scope of the work”, and extra work in connection with such changes still may be considered as "arising out of, or relating to, the Contract Documents or the breach thereof’. Second, we decide only whether arbitration or litigation is the appropriate forum for resolution of the dispute. Petitioner’s fear that submission of the matter to arbitration somehow acknowledges liability for a price in excess of the stipulated sum is without basis, for the import of that and other contract terms is yet to be determined upon the proof to be taken.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
 

 Order reversed, etc.