■ METALINK MARINE CORPORATION, Respondent, v NED CHARTERING AND TRADING, INC., Appellant. [616 NYS2d 361] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about December 1, 1993, which granted petitioner-respondent Metalink Marine Corporation's motion to stay arbitration, reversed on the law and the facts, and the motion is denied, without costs.

Pursuant to the "Commission Agreement" entered into by the parties, said agreement was made "by and between Ned Chartering & Trading, Inc. ('NCTI') and Benship International Inc., Metalink Marine, Bengal Shipping Lines, Benship (USA),

Benpak, and Bengal Bulk Carriers (hereinafter collectively 'BENSHIP')". Provision 2 of the Commission Agreement states that the agreement is "binding upon all affiliated entities of BENSHIP, including those entities controlled by, or under common control with, BENSHIP". Metalink Marine Corporation (Metalink) was the only one of the above named entities, collectively referred to as "BENSHIP" in the opening paragraph of the agreement, which executed the agreement individually. Three signature lines appear on the agreement, one each for Benship International Inc., Metalink Marine and Ned Chartering and Trading, Inc. Provision 4 of the agreement contains a broad arbitration clause which provides that "[a]ny controversy or claim arising out of or relating to this agreement, or any breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association".

While the trial court correctly concluded that Metalink was a party to the agreement and therefore bound by the arbitration provision, its determination to stay arbitration based primarily on the termination of Metalink's relationship with Benship International Inc. was error. "It is of course for the court in the first instance to determine whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement. The court's inquiry ends, however, where the requisite relationship is established between the subject matter of the dispute and the subject matter of the underlying agreement to arbitrate" (*Sisters of St. John the Baptist v Phillips R. Geraghty Constructor,* 67 NY2d 997, 998). In this case NCTI sought to arbitrate its claim for commissions allegedly due by virtue of its performance under the Commission Agreement. Clearly those claims arose out of, or were at the very least, related to the Commission Agreement and were within the scope of the arbitration clause.

It is well settled that "[o]nce the parties to a broad arbitration clause have made a valid choice of forum * * * all questions with respect to the validity and effect of subsequent documents purporting to work a modification or termination of the substantive provisions of their original agreement are to be resolved by the arbitrator" (*Matter of Schlaifer v Sedlow,* 51 NY2d 181, 185; *Matter of Fener Realty Co. [NICO Constr. Co.],* 182 AD2d 436, 438). The various notices, which announced the termination of the relationship between Metalink and Benship International Inc., made no reference to the Commission Agreement, the arbitration provision, or to NCTI.

Unless the documents which purport to terminate the parties' original agreement relate to the arbitration clause, the question of whether or not termination occurred is properly to be decided by the arbitrator *(Matter of Schlaifer v Sedlow, supra)*. Further, Metalink appears to have executed the Commission Agreement in its own right, thus giving rise to a question of whether it had an independent relationship with NCTI under the agreement.

Finally, we note that the issues regarding the merits of NCTI's claims, such as the timeliness of NCTI's invoices to Metalink etc., raised here by Metalink in order to defeat the arbitration demand, are substantive, and are therefore also matters to be decided by the arbitrator *(Sisters of St. John the Baptist v Phillips R. Geraghty Constructor, supra)*. Concur—Rosenberger, J. P., Wallach, Ross and Nardelli, JJ.

Kupferman, J., dissents and would affirm for reasons stated by Collazo, J.