■ RUSS DiBELLO, Appellant, v JOEL SALKOWITZ et al., Respondents. [772 NYS2d 663]—

Order, Supreme Court, New York County (Louis York, J.), entered December 13, 2002, which, insofar as appealed from as limited by the briefs, granted defendants' motion to stay this action and to compel arbitration of plaintiff's claims, unanimously affirmed, without costs.

Plaintiff was formerly employed by the corporate defendants (collectively, Clear Channel) as an announcer on a New York City radio station owned and operated by Clear Channel. After Clear Channel advised plaintiff that his contract would not be renewed upon the expiration of its term, plaintiff commenced this litigation against Clear Channel and defendant Salkowitz, the manager of the radio station. Plaintiff asserts causes of action for tortious interference with actual and prospective contractual relations, defamation and racial discrimination in violation of the Human Rights Laws of New York State and New York City. The IAS court granted defendants' motion to stay the litigation and to compel arbitration of all claims asserted, and we affirm.

The personal services agreement (PSA) between plaintiff and Clear Channel provides that the parties "agree that any dispute or claim, *whether based on* contract, *tort, discrimination,* retaliation, or otherwise, *relating to,* arising from, *or connected in any manner with this [PSA]* exclusively shall be resolved through final and binding arbitration" (emphasis added). This extremely broad arbitration clause plainly covers all of the causes of action asserted in this action, each of which is indisputably "relat[ed] to," and "connected in any manner with," the PSA. While plaintiff does not dispute that his claims are within the scope of the PSA's arbitration clause, he contends that the PSA arbitration clause, by the terms of the PSA itself, is superseded in toto by the more limited arbitration clause of the collective bargaining agreement (CBA) that covers him. This argument does not bear scrutiny.

The PSA nowhere provides for total displacement of its arbitration clause by the arbitration clause of a CBA covering plaintiff. Rather, the PSA provides only that the "dispute resolution *process*" (emphasis added) of a CBA covering plaintiff will displace the American Arbitration Association (AAA) rules that would otherwise govern pursuant to the PSA. The relevant language of the PSA in this regard is as follows: "If Employee [i.e., plaintiff] is covered under a CBA containing a final and mandatory dispute resolution provision, *the dispute resolution process* set forth in such provision . . . shall constitute the exclusive *method* of resolving any claims arising out of or relating to this [PSA]." (Emphasis added.)

Nothing in the foregoing contractual language can plausibly be construed to mean that a claim otherwise arbitrable under the PSA is not to be arbitrated at all if that claim would not fall within the scope of a narrower CBA arbitration clause. To the contrary, the above-quoted provision of the PSA reaffirms that,

regardless of the scope of the CBA's arbitration clause, "any claims arising out of relating to this [PSA]" shall be arbitrated, albeit under the procedures provided by the CBA instead of the AAA rules provided by the PSA itself. Since the arbitration clause of the PSA (a contract between a New York resident and a corporation incorporated in Delaware and based in Texas) is governed by the Federal Arbitration Act (see *Circuit City Stores v Adams*, 532 US 105 [2001]), any ambiguity in the applicable contractual language should be resolved in favor of arbitration (see *Matter of PricewaterhouseCoopers L.L.P. v Rutlen*, 284 AD2d 200, 200 [2001], and authorities there cited).

For the foregoing reasons, all of plaintiff's claims are subject to mandatory arbitration pursuant to the PSA, although the arbitration will be conducted in accordance with the procedures provided by the CBA. Moreover, the enforceability of the arbitration agreement is not affected by the statutory nature of the discrimination claims (see *Fletcher v Kidder, Peabody & Co.*, 81 NY2d 623 [1993], *cert denied* 510 US 993 [1993]), and, given the employment-related nature of the claims, Salkowitz, as an agent of Clear Channel, is entitled to demand arbitration of the claims against him no less than Clear Channel is entitled to demand arbitration of the claims against it (see *Hirschfeld Prods. v Mirvish*, 88 NY2d 1054 [1996]). Accordingly, the order appealed from is affirmed. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.