■ DEGRAW CONSTRUCTION GROUP, INC., Respondent, v McGOWAN BUILDERS, INC., et al., Appellants, et al., Defendants. [58 NYS3d 152]—

In an action, inter alia, to foreclose a mechanic's lien, the defendants McGowan Builders, Inc., Patrick McGowan, Patrick J. Monahan, Emmet Friel, Martin McGowan, and A. Forte Maldonado appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated February 3, 2016, as denied that branch of their motion which was to compel arbitration of the fourth, fifth, and sixth causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and that branch of the motion of the defendants McGowan Builders, Inc., Patrick McGowan, Patrick J. Monahan, Emmet Friel, Martin McGowan, and A. Forte Maldonado which was to compel arbitration of the fourth, fifth, and six causes of action insofar as asserted against them is granted.

The plaintiff commenced this action against, among others, the defendant McGowan Builders, Inc. (hereinafter McGowan Builders), to foreclose a mechanic's lien. The plaintiff contended that it entered into an agreement with McGowan Builders to perform certain construction work and that it had not been adequately paid for the work it had performed pursuant to the agreement.

The complaint also included causes of action sounding in tort against McGowan Builders and the defendants Patrick McGowan, Patrick J. Monahan, Emmet Friel, Martin McGowan, and A. Forte Maldonado (hereinafter collectively the individual defendants). The complaint alleged that the individual defendants were all officers or employees of McGowan Builders and that they were liable for conversion, unfair competition, and tortious interference.

McGowan Builders and the individual defendants interposed an answer and subsequently moved, among other things, to compel arbitration of the causes of action alleging conversion, unfair competition, and tortious interference insofar as asserted against them (the fourth, fifth, and sixth causes of action, respectively). The moving defendants argued that the agreement that the plaintiff and McGowan Builders had entered into contained a binding arbitration clause which required arbitration of these causes of action.

In the order appealed from, the Supreme Court determined that the individual defendants were not signatories to the agreement and that they were therefore unable to enforce the arbitration provision against the plaintiff. Accordingly, the court denied that branch of the motion of the moving defendants which was to compel arbitration of the fourth, fifth, and sixth causes of action insofar as asserted against them. We reverse the order insofar as appealed from.

"A written agreement to submit any controversy . . . to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award" (CPLR 7501). "A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration" (CPLR 7503 [a]). "If an issue claimed to be arbitrable is

involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application shall be made by motion in that action" (*id.*). With limited exception not applicable here, "[w]here there is no substantial question whether a valid agreement was made or complied with, . . . the court shall direct the parties to arbitrate" (*id.*; *see Sutphin Retail One, LLC v Sutphin Airtrain Realty, LLC*, 143 AD3d 972, 973 [2016]).

Accordingly, on a motion to compel or stay arbitration, a court must determine, "in the first instance . . . whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement" (*Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor*, 67 NY2d 997, 998 [1986]; *see Brown v Bussey*, 245 AD2d 255, 255 [1997]; *cf. Green Tree Financial Corp.-Ala. v Randolph*, 531 US 79, 90 [2000]). "When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts" (*First Options of Chicago, Inc. v Kaplan*, 514 US 938, 944 [1995]; *see Arthur Andersen LLP v Carlisle*, 556 US 624 [2009]; *Perry v Thomas*, 482 US 483, 492 [1987]).

Here, there is no dispute that the agreement between the plaintiff and McGowan Builders contained a broad arbitration clause whereby McGowan Builders was entitled to demand binding arbitration with respect to "[a]ll claims, disputes and other matters arising out of or relating to [the agreement], or the breach thereof." The question raised on this appeal is whether the individual defendants, who were not signatories to the agreement, were entitled to enforce the arbitration provision so as to require the plaintiff to submit the tort causes of action to arbitration.

"Arbitration is a matter of contract . . . 'grounded in agreement of the parties' " (*Matter of Belzberg v Verus Invs. Holdings Inc.*, 21 NY3d 626, 630 [2013], quoting *County of Sullivan v Edward L. Nezelek, Inc.*, 42 NY2d 123, 128 [1977]). Inasmuch as an arbitration clause is a contractual right, "the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement" (1 Domke on Commercial Arbitration § 13:1 [2016]; *see Matter of Belzberg v Verus Invs. Holdings Inc.*, 21 NY3d at 630; *Oxbow Calcining USA Inc. v American Indus. Partners*, 96 AD3d 646, 648-649 [2012]; *Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621, 623 [2009]).

However, "[a] nonsignatory to an arbitration clause may, in

certain situations, compel a signatory to the clause to arbitrate the signatory's claims against the nonsignatory despite the fact that the signatory and nonsignatory lack an agreement to arbitrate" (1 Domke on Commercial Arbitration § 13:1 [2016]). "A non-party to an arbitration agreement may compel a party to arbitration if the relevant state contract law allows the non-party to enforce the arbitration agreement" (1 Domke on Commercial Arbitration § 13:1 [2016]; *see Hirschfeld Prods. v Mirvish*, 88 NY2d 1054, 1056 [1996]; *Highland HC, LLC v Scott*, 113 AD3d 590, 594 [2014]; *see also Arthur Andersen LLP v Carlisle*, 556 US at 630).

Here, the alleged misconduct attributed to the individual defendants in the complaint related to their behavior as employees and officers of McGowan Builders. Since "a corporation can only act through its officers and employees" (*Matter of Standard Fruit & S. S. Co. v Waterfront Commn. of N.Y. Harbor*, 43 NY2d 11, 15-16 [1977]), any breach of the agreement would necessarily have to occur as a result of some action or inaction attributable to an officer or employee of McGowan Builders. As the Court of Appeals has recognized under similar circumstances, a rule allowing corporate officers and employees to enforce arbitration agreements entered into by their corporation "is necessary not only to prevent circumvention of arbitration agreements but also to effectuate the intent of the signatory parties to protect individuals acting on behalf of the principal in furtherance of the agreement" (*Hirschfeld Prods. v Mirvish*, 88 NY2d at 1056; *see Highland HC, LLC v Scott*, 113 AD3d at 594; *see also Matter of Groval Knitted Fabrics [Alcott]*, 31 NY2d 796, 798 [1972]; *see generally* 1 Domke on Commercial Arbitration § 13:3 [2016]; *but see Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d at 623). Under the circumstances of this case, the individual defendants were entitled to enforce the arbitration provision contained in the subcontract agreement between McGowan Builders and the plaintiff (*see Hirschfeld Prods. v Mirvish*, 88 NY2d at 1055; *Matter of Groval Knitted Fabrics*, 31 NY2d at 798; *Highland HC, LLC v Scott*, 113 AD3d at 594). Accordingly, the Supreme Court should have granted that branch of the motion of the moving defendants, including the individual defendants, which was to compel arbitration of the causes of action alleging conversion, unfair competition, and tortious interference insofar as asserted against them. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.