Mozzachio v Schanzer (2020 NY Slip Op 06522)





Mozzachio v Schanzer


2020 NY Slip Op 06522


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-12385
 (Index No. 521309/17)

[*1]Nancy Mozzachio, appellant,
v
Bruce Schanzer, respondent.


Krakower DiChiara LLC, New York, NY (Michael R. DiChiara of counsel), for appellant.
Proskauer Rose LLP, New York, NY (Kathleen M. McKenna and Danielle J. Moss of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of sex, sexual harassment, and unlawful retaliation in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 4, 2018. The order granted the defendant's motion pursuant to CPLR 7503 to compel arbitration of the plaintiff's claims and pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint, and substituting therefor a provision denying those branches of the defendant's motion; as so modified, the order is affirmed, with costs to the defendant, and all proceedings in the action are stayed pending arbitration.
In 2003, the plaintiff began working for Cedar Realty Trust, Inc., and Cedar Realty Trust Partnership, L.P. (hereinafter together CRT), as the Director of Leasing. CRT is a New York Stock Exchange listed real estate investment trust that owns, operates, and invests in a portfolio of shopping centers. The defendant is the President, Director, and Chief Executive Officer of CRT. In January 2015, the plaintiff was promoted to Chief Operating Officer of CRT. On August 3, 2015, the plaintiff and CRT entered into an agreement (hereinafter the employment agreement), which was effective retroactive to June 6, 2015. The employment agreement was signed by the plaintiff and by the defendant as President and Chief Executive Officer of CRT. The employment agreement provided, in relevant part, "that any controversy, dispute or claim of whatever nature arising out of, in connection with or in relation to the interpretation, performance or breach of this Agreement, including any claim based on contract, tort or statute, shall be settled, at the request of any party to this Agreement, through arbitration by a dispute resolution process administered by JAMS or any other mutually agreed upon arbitration firm involving final and binding arbitration." On or about February 12, 2016, CRT terminated the plaintiff's employment.
On or about April 21, 2016, the plaintiff filed a demand for arbitration before JAMS against CRT. The plaintiff asserted, inter alia, that, in violation of Executive Law § 296, while she was an employee of CRT, she was subjected to sexual harassment by the defendant and others, she [*2]was discriminated against on the basis of her gender, and that the termination of her employment constituted unlawful retaliation.
In November 2017, the plaintiff commenced the instant action against the defendant. In the amended complaint, the plaintiff asserted causes of action alleging sexual harassment and hostile work environment, gender discrimination, and unlawful retaliation in violation of Executive Law § 296. The defendant moved pursuant to CPLR 3211(a)(1) and (7) and CPLR 7503(a) to dismiss the amended complaint and compel arbitration of the plaintiff's claims, or in the alternative, to compel arbitration of the plaintiff's claims and stay the action. In an order dated September 4, 2018, the Supreme Court granted the defendant's motion to dismiss the amended complaint and compel arbitration of the plaintiff's claims, finding that the arbitration clause in the Employment Agreement "encompasse[d] all claims contained in the [amended] complaint." The plaintiff appeals.
"[O]n a motion to compel or stay arbitration, a court must determine, 'in the first instance . . . whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567, 569, quoting Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 998; see Brown v Bussey, 245 AD2d 255, 255). "When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts" (First Options of Chicago, Inc. v Kaplan, 514 US 938, 944; see Arthur Andersen LLP v Carlisle, 556 US 624; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d at 569). "Arbitration is a matter of contract, 'grounded in agreement of the parties'" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [citation omitted], quoting County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123, 128). "Inasmuch as an arbitration clause is a contractual right, 'the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d at 569, quoting 1 Domke on Commercial Arbitration § 13:1; see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 630; Oxbow Calcining USA Inc. v American Indus. Partners, 96 AD3d 646, 648-649). However, "'[a] nonsignatory to an arbitration clause may, in certain situations, compel a signatory to the clause to arbitrate the signatory's claims against the nonsignatory despite the fact that the signatory and nonsignatory lack an agreement to arbitrate'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d at 569-570, quoting 1 Domke on Commercial Arbitration § 13:1). "'A non-party to an arbitration agreement may compel a party to arbitration if the relevant state contract law allows the non-party to enforce the arbitration agreement'" (Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d at 570, quoting 1 Domke on Commercial Arbitration § 13:1; see Hirschfeld Prods. v Mirvish, 88 NY2d 1054, 1056; Highland HC, LLC v Scott, 113 AD3d 590, 594).
Here, the alleged misconduct attributed to the defendant in the amended complaint relates to his behavior as an officer and employee of CRT (see DiBello v Salkowitz, 4 AD3d 230, 232). Therefore, the defendant was entitled to enforce the arbitration clause contained in the employment agreement between CRT and the plaintiff (see Hirschfeld Prods. v Mirvish, 88 NY2d at 1056; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d at 570; Highland HC, LLC v Scott, 113 AD3d at 594). In addition, the plaintiff's claims come within the scope of the broad arbitration clause in the employment agreement (see DiBello v Salkowitz, 4 AD3d at 231-232; Matter of Public Relations Aids, 109 AD2d 502, 506).
The plaintiff argues that the arbitration clause in the employment agreement contravenes public policy, is invalid, and prevents the plaintiff from effectively vindicating her statutory rights in the arbitral forum because the plaintiff is obligated to pay half of the arbitration fees and costs under the rules of JAMS. This contention is improperly raised for the first time on appeal and is not properly before this Court. Contrary to the plaintiff's contention, it does not present a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see generally Matter of Brady v Williams Capital Group, L.P., 14 NY3d 459, 467).
Thus, we agree with the Supreme Court's determination to grant that branch of the [*3]defendant's motion which was pursuant to CPLR 7503 to compel arbitration of the plaintiff's claims against the defendant as alleged in the amended complaint.
However, the Supreme Court should not have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. "An agreement to arbitrate is not a defense to an action" and "may not be the basis for a motion to dismiss" (Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738; see C & M 345 N. Main St., LLC v Nikko Constr. Corp., 96 AD3d 794, 795; Curran v Estate of Curran, 87 AD3d 607, 607). The Supreme Court had no authority to dismiss the amended complaint merely because the employment agreement contained a mandatory arbitration clause (see Nachman v Jenelo Corp., 25 AD3d 593, 593).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court