Yeled V'Yalda Early Childhood Ctr., Inc. v Attentive Behavior Mental Health Counseling, P.C. (2022 NY Slip Op 05181)

Yeled V'Yalda Early Childhood Ctr., Inc. v Attentive Behavior Mental Health Counseling, P.C.

2022 NY Slip Op 05181

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-13937
 (Index No. 518131/19)

[*1]Yeled V'Yalda Early Childhood Center, Inc., appellant, 
v
Attentive Behavior Mental Health Counseling, P.C., respondent.

Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY (Motty Shulman of counsel), for appellant.
Levine & Associates, P.C., Scarsdale, NY (Michael Levine of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated November 27, 2019. The order granted the defendant's motion pursuant to CPLR 7503(a) to compel arbitration.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 7503(a) to compel arbitration is denied.
The plaintiff commenced this action to recover damages for an alleged breach of a services agreement. The services agreement was signed by the defendant on December 22, 2015, and by the plaintiff on February 17, 2016. The services agreement provides that "any action to enforce or arising out of this Agreement shall be commenced in the Supreme Court of New York, Kings County, or in the District Court of the United States in the Eastern District of New York." The services agreement also provides that "[t]here are no other agreements or understandings, written or oral, between the parties" and that it "shall not be modified or amended except by a written document executed by both parties."
The defendant moved pursuant to CPLR 7503(a) to compel arbitration based on a Hebrew-language agreement (hereinafter the Hebrew contract), which was only signed by the plaintiff. The Hebrew contract provides that any dispute between the parties shall be submitted to a specific Rabbi as an arbitrator and incorporates "an agreement between the parties which was prepared by an attorney, written in English, which was signed by the parties on the date _____." The defendant argues that the Hebrew contract was executed subsequent to the services agreement and, therefore, the arbitration provision supersedes the parties' agreement to resolve disputes in secular courts. The defendant contends that the documents demonstrate that the Hebrew contract was executed subsequently because the Hebrew contract references the executed services agreement in the past tense; because even if the Hebrew contract was executed between January 11, 2016, and February 9, 2016, as alleged by the plaintiff, that was subsequent to January 1, 2016, the effective date of the services agreement; and because an April 13, 2016 email from the plaintiff, to which a signed copy of the services agreement was attached, stated that the plaintiff did not have the Hebrew [*2]contract signed by the defendant. The Supreme Court granted the defendant's motion to compel arbitration, and the plaintiff appeals.
On a motion to compel or stay arbitration, a court must first determine whether the parties agreed to arbitration and, if so, whether the dispute generally falls within the scope of their arbitration agreement (see Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 999; Mozzachio v Schanzer, 188 AD3d 873, 874; DeGraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567, 569). "Arbitration is a matter of contract, 'grounded in agreement of the parties'" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630, quoting County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123, 128 [citation omitted]). Thus, when deciding whether the parties agreed to arbitrate a certain matter, ordinary state law principles that govern the formation of contracts apply (see Mozzachio v Schanzer, 188 AD3d at 874). "Inasmuch as an arbitration clause is a contractual right, the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement" (id. at 874-875 [internal quotation marks omitted]).
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent," and "'[t]he best evidence of what parties to a written agreement intend is what they say in their writing'" (Greenfield v Philles Records, 98 NY2d 562, 569, quoting Slamow v Del Col, 79 NY2d 1016, 1018). "Parol evidence — evidence outside the four corners of the document — is admissible only if a court finds an ambiguity in the contract" (Schron v Troutman Sanders LLP, 20 NY3d 430, 436). "It is well settled that 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face'" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163, quoting Intercontinental Planning v Daystrom, Inc., 24 NY2d 372, 379; see Donahue v Cuomo, 38 NY3d 1, 13).
Here, the parties' services agreement clearly and unambiguously provides for the adjudication of any dispute arising out of the services agreement in the Supreme Court, Kings County, or in the United States District Court for the Eastern District of New York.
"Where the parties have clearly expressed or manifested their intention that a subsequent agreement supersede or substitute for an old agreement, the subsequent agreement extinguishes the old one" (Kefalas v Valiotis, 197 AD3d 698, 702 [alterations and internal quotation marks omitted]). The determination of whether a subsequent agreement supersedes a prior agreement is fact-driven (see Hyuncheol Hwang v Mirae Asset Sec. (USA) Inc., 165 AD3d 413, 414). Because the parties' services agreement contains a merger clause and requires "a written document executed by both parties" to modify or amend the services agreement, the defendant's contention that the Hebrew contract supersedes the parties' services agreement is without merit (cf. Kefalas v Valiotis, 197 AD3d at 702; Wolf v Wahba, 164 AD3d 1405, 1407-1408; Adrian Family Partners I, L.P. v ExxonMobil Corp., 61 AD3d 901, 903). The defendant failed to provide an agreement executed by both parties.
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court