All Is. Estates Realty Corp. v Singh (2023 NY Slip Op 04646)

All Is. Estates Realty Corp. v Singh

2023 NY Slip Op 04646

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-01407
 (Index No. 608844/19)

[*1]All Island Estates Realty Corp., respondent,
v
Dalbir Singh, et al., defendants, Lois Thompson, appellant.

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for appellant.
Esagoff Law Group, P.C. (David Berman, Cortlandt Manor, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover a real estate brokerage commission, the defendant Lois Thompson appeals from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered February 4, 2020. The order, insofar as appealed from, upon reargument and renewal, adhered to a prior determination in an order of the same court entered September 4, 2020, denying that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 7503(a) to compel arbitration.
ORDERED that the order entered February 4, 2020, is affirmed insofar as appealed from, with costs.
The plaintiff, a real estate brokerage firm, commenced this action to recover a real estate brokerage commission that it allegedly earned by representing the defendant Dalbir Singh as the buyer in a real estate transaction. Singh allegedly entered into a buyer broker agreement with the plaintiff's agent, R. Matthew Shane. The defendant Lois Thompson was the broker who represented the seller in the real estate transaction. Shane and Thompson are both members of the Long Island Board of Realtors (hereinafter LIBOR) and participate in a multiple listing service available to licensed real estate brokers. The real estate transaction at issue involved a property that was listed on the multiple listing service.
Thompson moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 7503(a) to compel arbitration of the claims insofar as asserted against her. In an order entered September 4, 2020, the Supreme Court denied Thompson's motion. Thereafter, Thompson moved for leave to reargue and renew her prior motion. In an order entered February 4, 2020, the Supreme Court granted Thompson leave to reargue and renew and, upon reargument and renewal, adhered to the prior determination denying Thompson's motion. Thompson appeals. We affirm.
Upon reargument and renewal, the Supreme Court properly adhered to its original determination denying Thompson's prior motion. "[O]n a motion to compel or stay arbitration, a court must determine, in the first instance . . . whether parties have agreed to submit their disputes [*2]to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement" (Mozzachio v Schanzer, 188 AD3d 873, 874 [internal quotation marks omitted]). "Arbitration is a matter of contract, grounded in agreement of the parties" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [citation and internal quotation marks omitted]).
Here, Thompson contends that, as realtor members of LIBOR, both she and Shane agreed, pursuant to LIBOR's bylaws, "to arbitrate controversies arising out of real estate transactions as specified by Article 17 of the Code of Ethics and Arbitration Manual of [the National Association of Realtors]." Contrary to Thompson's contention, however, she failed to show that any contractual relationship existed between her and Shane that required arbitration of the instant dispute or that the dispute fell under any of the categories of noncontractual disputes subject to arbitration pursuant to section 17-4 of the code of ethics and standards of practice of the National Association of Realtors.
The parties' remaining contentions are without merit.
Accordingly, we affirm the order entered February 4, 2020, insofar as appealed from.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court