Policastri v Sunco Capital Inc. (2024 NY Slip Op 50665(U))

[*1]

Policastri v Sunco Capital Inc.

2024 NY Slip Op 50665(U)

Decided on May 31, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 31, 2024
Supreme Court, Richmond County

Leonard Policastri and Rhonda Policastri, Plaintiff,

against
Sunco Capital Inc. aka Sunco Project aka, Sunco Solar and Solar Mosaic, Inc., 
 Defendant.

Index No. 150011/2024

Attorney for the Plaintiffs
GARY R. DEFILIPPO 
Law Offices of Gary R. DeFilippo, PC 
1682 Victory Boulevard Suite 1
Staten Island, NY 10314 
Phone: (718) 689-3850 
Attorney for Defendants
THOMAS A CATINELLA 
Forchelli Deegan Terrana LLP 
333 Earle Ovington Blvd Suite 1010
Uniondale, NY 11553 
Phone: (516) 812-6282 

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion Seq. No. 001) numbered 5-[*2]16 were read on this motion. Oral argument was completed on April 25, 2024.
Upon the foregoing documents, Motion Sequence No. 001 is resolved and therefore, it is hereby,
ORDERED, that Defendants' request for an Order pursuant to CPLR § 3211 [a] [1] and CPLR § 7503 [a], staying the action and compelling arbitration of the claims against Defendants pursuant to the arbitration provisions contained within the contracts between Plaintiffs and Defendants is GRANTED as to Plaintiff Leonard Policastri; and it is further,
ORDERED, that Defendants' request for an Order pursuant to CPLR § 3211 [a] [1] and CPLR § 7503 [a], staying the action and compelling arbitration of the claims against Defendants pursuant to the arbitration provisions contained within the contracts between Plaintiffs and Defendants is DENIED as to Plaintiff Rhonda Policastri; and it is further,
ORDERED, that the matter is adjourned for further compliance conference and a settlement conference on June 10, 2024, at 9:30 A.M. at the Courthouse located at 26 Central Avenue, Courtroom 330, Staten Island, NY; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
 Memorandum Decision

 I. Procedural History
This commercial contract action was commenced by filing the summons and complaint on or about January 03, 2024. (NY St Cts Filing [NYSCEF] Doc No. 8). The action alleges breach of contract, fraudulent conduct, and unjust enrichment on the part of the Defendant.
On February 16, 2024, Defendants filed Motion Sequence No. 001 by Notice of Motion seeking (a) an Order pursuant to CPLR § 3211 [a] [1] and CPLR § 7503 [a], staying the action and compelling arbitration of the claims against Defendant pursuant to the arbitration provisions contained in the contracts between Plaintiffs and Defendant and (b) such other and further relief as the Court deems just and proper.
Plaintiffs filed opposition to Motion Sequence No. 001 on April 17, 2024. Defendants filed reply on April 24, 2024. On April 25, 2024, oral argument was heard on Motion Sequence No. 001.

 II. Facts
On or about December 2, 2022, Defendants entered a contract with Plaintiff Leonard Policastri for the installation of a solar grid inter-tied PV system at 133 Monahan Avenue, Staten Island, New York 10314. (NY St Cts Filing [NYSCEF] Doc No. 7).
The contract contained the following provision:
Arbitration. All claims and disputes arising under or relating to this contract are to be settled by binding arbitration in the State of New York or another location mutually agreeable to the parties. An award of arbitration may be confirmed in a court of competent jurisdiction. The prevailing party shall be entitled to recover from the non-prevailing party all of their costs and attorney's fees related to the claims and disputes raised by either party. Notice: by signing this agreement the homeowner is agreeing to have any dispute arising out of or related to the agreement decided by neutral arbitration and homeowner is giving up any rights homeowner might possess to have the dispute litigated in a court and decided by a jury. This contract shall be governed by and constructed in all respect in accordance with, and governed by, the laws of the state of Utah, without regard to conflict of law principles. By signing this agreement Homeowner is further giving up homeowner rights to discovery and appeal applicable to court [*3]proceedings, unless those rights are specifically included in this section. If homeowner refuses to submit to arbitration after agreeing to this provision, homeowner may be compelled to arbitrate under the authority of applicable law. Homeowner agrees that homeowner's agreement to this section is voluntary. Homeowner has read and understands the foregoing and agrees to submit disputes arising out of or related to the agreement to neutral arbitration. (see id at page 4).
On or about December 7, 2022, Plaintiff Leonard Policastri entered into a loan agreement and promissory note with Defendants. The loan agreement provides the following:
If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of the Claim(s) asserted in the lawsuit. If the Complaining Party initially asserts a Claim in a lawsuit on an individual basis but then seeks to assert the Claim on a class, representative or multi-party basis, the Defending Party may then elect to demand arbitration. A demand to arbitrate a Claim may be given in papers or motions in a lawsuit. If you demand that we arbitrate a Claim initially brought against you in a lawsuit, your demand will constitute your consent to arbitrate the Claim with the administrator of our choice, even if the administrator we choose does not typically handle arbitration proceedings initiated against consumers. (NY St Cts Filing [NYSCEF] Doc No. 10 at page 17).
Plaintiffs allege they were fraudulently induced into entering a home improvement contract whereby Defendant would install a system of solar panels capable of providing enough solar powered electricity to power Plaintiffs' approximately 1500 sq. ft home, as well as enough electricity to power a heater system in their above ground swimming pool and to charge an electric vehicle if they purchased such a vehicle. Plaintiffs contend that Defendants' salesman also represented that once the system was fully operational Plaintiffs would see a significant reduction in their regular Con Edison electric billing.
Plaintiff Leonard Policastri contends he told Defendants' salesman that another solar provider previously assessed his roof and advised him that there was not enough roof space to accommodate enough solar panels to power his home; however, Defendants salesman allegedly assured him that Defendants' panels are the most up to date, efficient solar panels and will not only power the entire home, but would also be enough to heat their pool, and charge an electric vehicle.
Plaintiffs maintain, the system Defendants installed was unable to generate enough energy to power the home, let alone heat a pool and charge an electric vehicle. Plaintiffs further maintain their Con Edison bills remained the same and they saw no reduction in charges.
Plaintiff Rhonda Policastri is an owner of the subject property located at 133 Monahan Avenue, Staten Island, New York 10314, as evidenced by a deed [FN1]
dated April 29, 2015, wherein she is listed as a tenant in common under the name "Rhonda Randazzo." In addition, there is also a life tenant, to wit : "Mary Policastri." Neither Rhonda Randazzo (Policastri) nor Mary Policastri signed the installation agreement nor the loan agreement with Plaintiff. Defendant has not raised any issue as to non-party, life-tenant Mary Policastri.

 III. Discussion
"[A]n arbitration clause is generally separable from substantive provisions of a contract, so that an agreement to arbitrate is valid even if the substantive provisions of the contract are induced by fraud" (see Anderson St. Realty Corp. v New Rochelle Revitalization, LLC, 78 AD3d 972 [2d Dept 2010] citing Weinrott v Carp, 32 NY2d 190 [1973]). "[A]s a general rule, the issue of fraud in the inducement should be determined by the arbitrator, except where the arbitration clause specifically excludes fraud in the inducement from the issues to be determined by arbitration" (see id citing GAF Corp. v Werner, 66 NY2d 97 [1985], cert denied GAF Corp. v Werner, 1986 USLEXIS 899 [1986]; Silverman v Benmor Coats, Inc., 61 NY2d 299 [1984]).
"The issue of fraud in the inducement affects the validity of the arbitration clause only when the fraud relates to the arbitration provision itself, or was 'part of a grand scheme that permeated the entire contract'" (see id quoting Weinrott v Carp, 32 NY2d 190 [1973]; citing Anderson St. Realty Corp. v New Rochelle Revitalization, LLC, 78 AD3d 972 [2d Dept 2010]; Riverside Capital Advisors, Inc. v Winchester Global Trust Co. Ltd., 21 AD3d 887 [2d Dept 2005]).
"To demonstrate that fraud permeated the entire contract, it must be established that the agreement was not the result of an arm's length negotiation" (see id citing Nastasi v Nastasi, 26AD3d32 [2d Dept 2005]), or the arbitration clause was inserted into the contract to accomplish a fraudulent scheme (see id citing Utica Mut. Ins. Co. v Gulf Ins. Co., 306 AD2d 877 [4th Dept 2003]; Oberlander v Fine Care, Inc., 108 AD2d 798 [2d Dept 1985]).
"Arbitration is a matter of contract . . . 'grounded in agreement of the parties'" (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567 [2d Dept 2017] quoting Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626 [2013] quoting County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123 [1977]).
"Inasmuch as an arbitration clause is a contractual right, 'the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement'" (see id quoting 1 Domke on Commercial Arbitration § 13:1 [2016]; citing Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626 [2013]; Oxbow Calcining USA Inc. v American Indus. Partners, 96 AD3d 646 [1st Dept 2012]; Estate of Jerry Castellone v JP Morgan Chase Bank, N.A., 60 AD3d 621 [2d Dept 2009]).
"[O]n a motion to compel or stay arbitration, a court must determine, 'in the first instance . . . whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement'" (see Mozzachio v Schanzer, 188 AD3d 873 [2d Dept 2020] quoting Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567 [2d Dept 2017] quoting Sisters of St. John the Baptist, Providence Rest Convent v Phillips R. Geraghty Constructor, Inc., 67 NY2d 997 [1986]; citing Brown v Bussey, 245 AD2d 255 [2d Dept 1997]).
"If the court determines that the parties had not made an agreement to arbitrate, that concludes the matter and a stay of arbitration will be granted or the application to compel arbitration will be denied" (see County of Rockland v Primiano Constr. Co., 51 NY2d 1 [1980] citing Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1 [1979]; Marlene Industries Corp. v Carnac Textiles, Inc., 45 NY2d 327 [1978]; Riverdale Fabrics Corp. v TillinghastStiles Co., 306 NY 288 [1954]; Application of Doughboy Industries, Inc., 17 AD2d 216 [1962]).
"[N]otwithstanding the public policy favoring arbitration (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626 [2013] citing TNS Holdings Inc. v MKI Sec. Corp., 92 NY2d 335 [1998]), non-signatories are generally not subject to arbitration agreements (see id citing [*4]United Steelworkers of America v Warrior & Gulf Navigation Co., 363 US 574 [1960]). "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit" (see id citing Thomson-CSF, S.A. v American Arbitration Ass'n, 64 F3d 773 [2d Cir 1995]).
Arbitration agreements must not be so broadly construed as to encompass claims and parties that were not intended by the original contract. (see id). However, under limited circumstances non-signatories may be compelled to arbitrate recognizing in certain limited circumstances the need to impute the intent to arbitrate to a nonsignatory. (see id citing TNS Holdings Inc. v. MKI Sec. Corp., 92 NY2d 335 [1998]).
Defendants cites the Matter of Belzberg v Verus Invs. Holdings Inc., which provides "[u]nder the direct benefits theory of estoppel, a non-signatory may be compelled to arbitrate where the non-signatory 'knowingly exploits' the benefits of an agreement containing an arbitration clause and receives benefits flowing directly from the agreement" (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626 [2013] quoting MAG Portfolio Consult, GmbH v Merlin Biomed Group, LLC, 268 F3d 58 [2d Cir 2001]). The decision continues "[u]nder the estoppel theory, a company 'knowingly exploiting (an) agreement (with an arbitration clause can be) estopped from avoiding arbitration despite having never signed the agreement'" (see id Deloitte Noraudit A/S v. Deloitte Haskins & Sells, 9 F3d 1060 [2d Cir 1993]).
Plaintiff Leonard Policastri and Plaintiff Rhonda Policastri purport to reside at 133 Monahan Avenue, Staten Island, New York. The Court sua sponte retrieved a copy the deed to the property 133 Monahan Avenue, Staten Island, New York from the Office of the Clerk of Richmond County. The deed recorded on April 29, 2015, renders title to the subject property to Plaintiff Leonard Policastri and Plaintiff Rhonda Randazzo (Policastri) and Mary Policastri, as a life tenant.
The contract between Plaintiff Leonard Policastri and Sunco, dated December 2, 2022, lists the address of the Plaintiff Leonard Policastri and the site of the installation as 131 Monahan Avenue, Staten Island, New York. (NY St Cts Filing [NYSCEF] Doc No. 7). The Court sua sponte retrieved a copy the deed to the property 131 Monahan Avenue, Staten Island, New York from the Office of the Clerk of Richmond County. According to the Office of the Richmond County Clerk, the property located at 131 Monahan Avenue, Staten Island, New York is owned by Mariano Gonzalez. It is further noted that Sunco list on its contract Plaintiff Leonard Policastri's email address as m_gonzalez22&commat;[REDACTED], which further demonstrates the slipshod sloppy and careless nature of Defendants' representative in completing the contract between Plaintiff Leonard Policastri and the Defendants. (see id).
The evidence presented in the Sunco installation contract (see id) and financing agreement (NY St Cts Filing [NYSCEF] Doc No. 10) clearly show that the only party to both contracts with the Defendants is Plaintiff Leonard Policastri. Defendants' installation contract contains significant errors, including the address where the installation was to take place and in all probability the email address of Plaintiff Leonard Policastri. (NY St Cts Filing [NYSCEF] Doc No. 7). Defendants further erred, by not conducting due diligence and failing to ensure that all owners of the property where the installation actually took place, 133 Monahan Avenue, Staten Island, New York, were parties to the installation contact. (see id). Equally, the financing agreement does not include the co-owner, Plaintiff Rhonda Policastri, as a party to the financing contract.
"[T]here is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy. To the contrary, each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other" (see 1.2.3. Holding Corp. v Exeter Holding, Ltd., 72 AD3d 1040 [2d Dept 2010] quoting V.R.W., Inc. v Klein, 68 NY2d 560 [1986]). "A co-owner can only encumber its own interest in property without the consent of the other co-owners" (see id quoting Kwang Hee Lee v Adjmi 936 Realty Assoc., 34 AD3d 646 [2d Dept 2006]; citing V.R.W., Inc. v Klein, 68 NY2d 560 [1986]; Northgate Elec. Profit Sharing Plan v Hayes, 210 AD2d 384 [2d Dept 1994]).
While Plaintiff Leonard Policastri "may not have been the sole owner of the subject property at the time of the loan, he was still able to encumber the subject property to the extent of his interest therein, since '[a] mortgage given by one of several parties with an interest in the mortgaged property is not invalid; it gives the mortgagee security, but only up to the interest of the mortgagor'" (see John T. Walsh Enters., LLC v Jordan, 152 AD3d 755 [2d Dept 2017] quoting 1.2.3. Holding Corp. v Exeter Holding, Ltd., 72 AD3d 1040 [2d Dept 2010], quoting CitiFinancial Co. (DE) v McKinney, 27 AD3d 224 [1st Dept 2006]).
The installation contract provides that "[a]ll claims and disputes arising under or relating to this contract are to be settled by binding arbitration" and there is no specific exclusion of the issue of fraud in the inducement from arbitration. (NY St Cts Filing [NYSCEF] Doc No. 7). Generally, in matter such as this with no exclusion of the issue of fraud in the inducement, disputes should be determined by the arbitrator. (see Anderson St. Realty Corp. v New Rochelle Revitalization, LLC, 78 AD3d 972 [2d Dept 2010]).
Plaintiffs have provided no evidence that the allegations of fraud relate to the arbitration provision itself or that it was part of a grand scheme that permeated the entire contract. (see id). The agreement was the result of an arm's length negotiation and Plaintiffs have not provided any evidence that the arbitration clause was inserted into the contract to accomplish a fraudulent scheme. (see id).
Arbitration is a matter of contract grounded in agreement of Plaintiff Leonard Policastri and Defendants. (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 152 AD3d 567 [2d Dept 2017]). Inasmuch as an arbitration clause is a contractual right, the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement. (see id). Here, the evidence clearly demonstrates that Plaintiff Rhonda Policastri was not a party to the installation contract nor was she a party to the financing contract. Plaintiff Rhonda Policastri is neither named on either contract or did she sign either contract.
In determining a motion to stay an arbitration, the Court must determine, whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement. (see Mozzachio v Schanzer, 188 AD3d 873 [2d Dept 2020]). As a signatory to both contracts, despite the slipshod nature of the Defendants' installation contract, Plaintiff Leonard Policastri did agree to have disputes submitted to arbitration.
Plaintiff Rhonda Policastri, the co-owner of the property where the installation took place, 133 Monahan Avenue, Staten Island, New York, was not a party to any contractual agreement with the Defendants and did not consent to arbitration. Mary Policastri, the life tenant is not a party to this action. "[N]otwithstanding the public policy favoring arbitration (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626 [2013] citing TNS Holdings Inc. v MKI [*5]Sec. Corp., 92 NY2d 335 [1998]), non-signatories are generally not subject to arbitration agreements (see id citing United Steelworkers of America v Warrior & Gulf Navigation Co., 363 US 574 [1960]). "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit" (see id citing Thomson-CSF, S.A. v American Arbitration Ass'n, 64 F3d 773 [2d Cir 1995]).
Accordingly, Defendants' request for an Order pursuant to CPLR § 3211 [a] [1] and CPLR § 7503 [a], staying the action and compelling arbitration of the claims against Defendants pursuant to the arbitration provisions contained in the contracts between Plaintiffs and Defendants is GRANTED as to Plaintiff Leonard Policastri and DENIED as to Plaintiff Rhonda Policastri.
Decretal Paragraphs
ORDERED, that Defendants' request for an Order pursuant to CPLR § 3211 [a] [1] and CPLR § 7503 [a], staying the action and compelling arbitration of the claims against Defendants pursuant to the arbitration provisions contained within the contracts between Plaintiffs and Defendants is GRANTED as to Plaintiff Leonard Policastri; and it is further,
ORDERED, that Defendants' request for an Order pursuant to CPLR § 3211 [a] [1] and CPLR § 7503 [a], staying the action and compelling arbitration of the claims against Defendants pursuant to the arbitration provisions contained within the contracts between Plaintiffs and Defendants is DENIED as to Plaintiff Rhonda Policastri; and it is further,
ORDERED, that the matter is adjourned for further compliance conference and a settlement conference on June 10, 2024, at 9:30 A.M. at the Courthouse located at 26 Central Avenue, Courtroom 330, Staten Island, NY; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court.
Dated: May 31, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT

Footnotes

Footnote 1:The referenced deed was recorded in the Office of the Richmond County Clerk on September 15, 2015, and it bears Land Doc Number: 575915.