Cipri v Matrix Sports Club, LLC

2026 NY Slip Op 02963

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Noemi Cipri, appellant,

v

Matrix Sports Club, LLC, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-08698, (Index No. 714796/23)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Sutton & Smyth, LLP, New York, NY (Leigh H. Sutton and Daniel E. Smyth of counsel), for appellant.

Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York, NY (Lauren M. Solari of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered June 25, 2024. The order granted that branch of the defendants' motion which was pursuant to CPLR 7503(a) to compel arbitration.

ORDERED that the order is affirmed, with costs.

In March 2022, the plaintiff entered into a membership agreement (hereinafter the agreement) with the defendant Matrix Sports Club, LLC (hereinafter the Health Club). The agreement contained an arbitration clause, which stated in pertinent part that the "[m]ember agrees that any dispute, controversy, or claim arising out of or relating in any way to the Membership Agreement, including without limitation any dispute concerning the construction, validity, interpretation, enforceability, or breach of this Membership Agreement, shall be exclusively resolved by binding arbitration." The agreement also contained a provision concerning the Health Club's liability with regard to injuries to members resulting from negligence on the part of the Health Club, as well as an acknowledgment of the assumption of risk, pursuant to which the plaintiff agreed to assume the risk, inter alia, for all injuries resulting from, among other things, her use of equipment in the facility, her participation in any activity, and the Health Club's instruction, training, and supervision.

In July 2023, the plaintiff commenced this action against the Health Club and Richard Barros, sued herein as Richie "Doe," to recover damages for personal injuries she allegedly sustained while participating in an exercise class given by Barros at the Health Club. The plaintiff alleged that due to the defendants' negligence, she was caused to fall while utilizing a box jump during the class.

Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint or, in the alternative, pursuant to CPLR 7503(a) to compel arbitration. The plaintiff opposed the motion. In an order entered June 25, 2024, the Supreme Court granted that branch of the defendants' motion which was to compel arbitration. The plaintiff appeals.

"Generally, '[t]here is a longstanding public policy favoring the arbitration of disputes'" (Wilson v PBM, LLC, 193 AD3d 22, 25, quoting Ibarra v 101 Park Rest. Corp., 140 AD3d 700, 702). "On a motion to compel or stay arbitration, a court must first determine whether the parties agreed to arbitration and, if so, whether the dispute generally falls within the scope of their arbitration agreement" (Yeled V'Yalda Early Childhood Ctr., Inc. v Attentive Behavior Mental Health Counseling, P.C., 208 AD3d 1209, 1210; see Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 998). With a broad arbitration clause, the court must determine whether there is a "reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract" (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91, 96; see Revis v Schwartz, 192 AD3d 127, 134, affd 38 NY3d 939).

"'Arbitration is a matter of contract, and arbitration clauses, which are subject to ordinary principles of contract interpretation, must be enforced according to their terms'" (Rubinstein v C & A Mktg., Inc., 205 AD3d 832, 834, quoting Rutella v National Sec. Corp., 172 AD3d 1124, 1125-1126). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent, and the best evidence of what parties to a written agreement intend is what they say in their writing" (Yeled V'Yalda Early Childhood Ctr., Inc. v Attentive Behavior Mental Health Counseling, P.C., 208 AD3d at 1210 [alteration and internal quotation marks omitted]). "The agreement must be clear, explicit and unequivocal and must not depend upon implication or subtlety" (Rubinstein v C & A Mktg., Inc., 205 AD3d at 834 [internal quotation marks omitted]). Moreover, "'a court should seek an interpretation which does not render any term or phrase of a contract meaningless or superfluous'" (GPB Capital Holdings, LLC v Dibre, 186 AD3d 574, 575, quoting Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657, 659).

Here, the agreement to arbitrate "expressly and unequivocally encompassed the subject matter of the plaintiff's claim[ ]" (Whitelock v Morgan Stanley Smith Barney, LLC, 82 AD3d 1212, 1212). The arbitration clause's provision, among other things, that "any dispute, controversy, or claim arising out of or relating in any way to the Membership Agreement," was clear, unambiguous, and sufficiently broad so as to include the subject matter of the plaintiff's cause of action to recover damages for personal injuries that she allegedly sustained as a result of the defendants' negligence while participating in a class at the Health Club (see Mozzachio v Schanzer, 188 AD3d 873, 873-875; Sutphin Retail One, LLC v Sutphin Airtrain Realty, LLC, 143 AD3d 972, 974). Moreover, where, as here, included in the agreement were provisions concerning the Health Club's liability in connection with injuries to members incurred, inter alia, during participation in class at the Health Club and allegedly caused by the defendants' negligence, there is a "reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying [agreement]" (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d at 96; see Pepsi-Cola Metropolitan Bottling Co. v Columbia-Oxford Beverages, 100 AD2d 868, 870).

Further, there is no merit to the plaintiff's contention that the arbitration clause was limited to contract claims or disputes. The plaintiff's reading of the phrase in the arbitration clause that stated, "including without limitation any dispute concerning the construction, validity, interpretation, enforceability, or breach of this Membership Agreement," as limiting the application of the clause would render the broad language of the arbitration clause superfluous and is in contravention of the well established tenet of contract construction that an interpretation that renders language in the contract superfluous cannot be supported (see Batales v Friedman, 144 AD3d 849, 851).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 7503(a) to compel arbitration.

The plaintiff's remaining contentions are not properly before this Court.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court