Kefalas v Valiotis (2021 NY Slip Op 04750)





Kefalas v Valiotis


2021 NY Slip Op 04750


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-02523
2018-03637
2018-08861
 (Index No. 603816/13)

[*1]Vassilios Kefalas, et al., respondents-appellants,
v
Efstathios Valiotis, et al., appellants-respondents.


Valiotis & Associates, PLLC, Long Island City, NY (Katie L. Bireley of counsel), for appellants-respondents.
Rosenberg Calica & Birney, LLP, Garden City, NY (Edward M. Ross and Kordas & Marinis, LLP [George B. Kordas], of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal, and the plaintiffs cross-appeal, from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered January 26, 2017, (2) an order of the same court entered February 16, 2018, and (3) a judgment of the same court entered April 5, 2018. The order entered January 26, 2017, insofar as appealed from, granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that the plaintiffs were entitled to $475,000 of a certain grant disbursement, together with interest from January 1, 2017, and, insofar as cross-appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, third, fifth, sixth, and seventh causes of action. The order entered February 16, 2018, insofar as appealed and cross-appealed from, upon renewal, inter alia, granted the plaintiffs' cross motion to the extent of declaring that the plaintiffs were entitled to all sums previously paid to them as their proportionate share of the grant disbursements, plus an additional $10,000, and awarded, without a hearing, attorneys' fees to the plaintiffs in the sum of $50,000. The judgment, insofar as appealed and cross-appealed from, upon both orders, dismissed the first, second, third, fifth, sixth, and seventh causes of action, declared that the plaintiffs are entitled to retain all grant proceeds previously paid to them by the defendant Sun Valley Towers, LLC, and awarded an additional sum of $10,000 to the plaintiffs as well as attorneys' fees in the sum of $50,000 plus costs and disbursements.
ORDERED that the appeals and cross appeals from the orders entered January 26, 2017, and February 16, 2018, are dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the third decretal paragraph thereof, which directs that the plaintiffs shall recover the sum of $50,000 representing the plaintiffs' attorneys' fees, together with $915 in costs and disbursements, from the defendants Efstathios Valiotis and Sun Valley Towers, LLC; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeals and cross appeals from the orders entered January 26, 2017, and February 16, 2018, respectively, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals and cross appeals from the orders are brought up for review and have been considered on the appeal and cross appeal from the judgment (see CPLR 5501[a][1]).
In December 2013, the plaintiffs, K-Sher Corp. (hereinafter K-Sher), which owned a parcel of real property located in Valley Stream (hereinafter the K-Sher property), and Vassilios Kefalas, the principal of K-Sher, commenced this action against, among others, the defendant Efstathios Valiotis, the principal of the defendant Sun Valley Towers, LLC, formerly known as 363 Rockaway Associates, LLC (hereinafter Sun Valley Towers), and Sun Valley Towers (hereinafter together with Valiotis, the Valiotis defendants). Valiotis is also the president of the other corporate defendants. The defendant John Mavroudis is Valiotis's project manager. According to the plaintiffs, Sun Valley Towers owns real property in Valley Stream that is adjacent to the K-Sher property and, in December 2005, Kefalas and Valiotis entered into a joint venture agreement for the development of the two adjacent properties (hereinafter, respectively, the 2005 Joint Venture Agreement and the Project). The plaintiffs alleged that, in December 2008, in furtherance of the 2005 Joint Venture Agreement and the Project, Kefalas and Valiotis entered into a construction agreement (hereinafter the 2008 Construction Agreement). The plaintiffs alleged that thereafter, in March 2012, K-Sher agreed to sell the K-Sher property to Sun Valley Towers (hereinafter the 2012 Purchase Agreement), at which time it is undisputed that the joint venture between Kefalas and Valiotis was terminated.
The 2012 Purchase Agreement provided, inter alia, that, in addition to the purchase price, K-Sher was entitled to one-half of a certain federal grant if the Project received a total federal grant of an initial disbursement of $750,000 and a second disbursement of $1,750,000 which had an application deadline for disbursement in December 2016. The 2012 Purchase Agreement further provided that, in the event the Project was eligible only for the initial disbursement, K-Sher was entitled to two-thirds of the initial disbursement The 2012 Purchase Agreement also contained a provision for attorneys' fees to be awarded in the event that one of the parties to the 2012 Purchase Agreement was successful in any litigation required to enforce its terms. The plaintiffs alleged that, in October 2013, Sun Valley Towers received a check representing the initial grant disbursement but did not tender to the plaintiffs their one-half share of that grant disbursement despite demand for same by Kafalas.
The plaintiffs asserted causes of action to recover damages for fraud (first cause of action); breach of fiduciary duty (second cause of action); negligence (third cause of action); breach of contract (fourth cause of action); unjust enrichment (fifth cause of action); aiding and abetting fraud (sixth cause of action), and aiding and abetting breach of fiduciary duty (seventh cause of action). The plaintiffs also sought a declaratory judgment (eighth cause of action) arising out of agreements entered into between the plaintiffs and the Valiotis defendants.
In August 2016, the defendants moved for summary judgment dismissing the complaint. The Valiotis defendants acknowledged that K-Sher was entitled to a portion of the grant proceeds, but contended that they were not required to tender any of the proceeds to K-Sher until it was determined whether the Project was eligible for the second disbursement. On October 19, 2016, the plaintiffs cross-moved for summary judgment on the fourth and eighth causes of action, seeking, inter alia, two-thirds of the initial disbursement. Thereafter, in December 2016, during the pendency of the action, Sun Valley Towers tendered, without prejudice, a check to the plaintiffs on account of a portion of the plaintiffs' claimed proportionate share of the initial grant disbursement.
In an order entered January 26, 2017, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, third, fifth, sixth, and seventh causes of action, and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that they were entitled to $475,000 of the initial grant disbursement, [*2]with interest from January 1, 2017. The court referred the matter for a hearing on the issue of attorneys' fees. No such hearing occurred.
Also while the action was pending, in January 2017, Sun Valley Towers notified the plaintiffs that the December 2016 deadline for applying for the second grant disbursement had been extended to January 31, 2017, and that an application for the second grant disbursement was pending. On or about May 31, 2017, Sun Valley Towers received a check representing the second grant disbursement. Thereafter, on June 26, 2017, less than a month after it had received the second grant disbursement, Sun Valley Towers, without prejudice, tendered to the plaintiffs a check in an amount representing what the defendants contended was the plaintiffs' remaining proportionate share of the proceeds of the grant pursuant to the 2012 Purchase Agreement. According to the defendants, that share, after the deduction of various expenses, including a $20,000 processing fee to the defendant Alma Realty Corp. (hereinafter Alma Realty), together with the initial disbursement paid by Sun Valley Towers to the plaintiffs, totaled $1,107,300, and constituted the plaintiffs' one half share of the net proceeds of the initial and second disbursements pursuant to the 2012 Purchase Agreement.
In November 2017, the defendants moved for leave to renew and reargue their motion for summary judgment and their opposition to the plaintiffs' cross motion for summary judgment. The plaintiffs cross-moved for leave to renew and reargue their cross motion for summary judgment and their opposition to the defendants' motion for summary judgment. In an order entered February 16, 2018, the Supreme Court granted leave to renew to all parties and, upon renewal, inter alia, granted the plaintiffs' cross motion for summary judgment to the extent of declaring that the plaintiffs are entitled to all sums previously paid to them as their proportionate share of the grant proceeds, plus an additional $10,000 representing one half of a $20,000 processing fee paid by Sun Valley Towers to Alma Realty. The court also, without a hearing, awarded attorneys' fees to the plaintiffs in the sum of $50,000.
Thereafter, in April 2018, a judgment was entered dismissing the causes of action to recover damages for fraud, breach of fiduciary duty, negligence, unjust enrichment, aiding and abetting fraud, and aiding and abetting breach of fiduciary duty. The judgment also declared that the plaintiffs are entitled to retain all sums previously paid to them plus the additional sum of $10,000, and awarded the plaintiffs attorneys' fees in the sum of $50,000.
The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for fraud, breach of fiduciary duty, negligence, unjust enrichment, aiding and abetting fraud, and aiding and abetting breach of fiduciary duty. "To determine whether a disputed claim has been discharged with finality so that no action may be brought upon it, but only upon a later agreement, the question is whether the subsequent agreement, whatever it may be, and in whatever form it takes, as a matter of intention, expressed or implied, was a substitution for the prior agreement" (Sheehy v Andreotti, 199 AD2d 148, 150). "[T]he best evidence of what parties to a written agreement intend is what they say in their writing" (Matter of AJG Parkview Corp. v Calabrese, 187 AD3d 1175, 1178 [internal quotation marks omitted]). "[W]here the parties have clearly expressed or manifested their intention that a subsequent agreement supersede or substitute for an old agreement, the subsequent agreement extinguishes the old one and the remedy for any breach thereof is to sue on the superseding agreement" (Northville Indus. Corp. v Forth Neck Oil Terms. Corp., 100 AD2d 865, 867 [internal quotation marks omitted], affd 64 NY2d 930; see also Benjamin v Yeroushalmi, 178 AD3d 650, 653). Here, pursuant to the terms of the 2012 Purchase Agreement, the joint venture between Kefalas and Valiotis was terminated upon execution of the 2012 Purchase Agreement on March 20, 2012. In addition, the language of the 2012 Purchase Agreement, including the merger clause in paragraph IX.L, demonstrates that the 2012 Purchase Agreement was intended to supersede and extinguish the parties' prior agreements regarding the Project (see Northville Indus. Corp. v Forth Neck Oil Terms. Corp., 100 AD2d at 867). Accordingly, the court properly determined that the 2012 Purchase Agreement constituted a substituted agreement and thus, those causes of action which are based on the joint venture or earlier agreements between the parties should be dismissed (see Madey v Carman, 51 AD3d 985, 986; Northville Indus. Corp. v Forth Neck Oil Terms. Corp., 100 AD2d [*3]at 867).
The Supreme Court also properly determined that the defendants could not deduct the $20,000 processing fee paid to Alma Realty from the second grant disbursement. Although the joint venture terminated upon the parties' execution of the 2012 Purchase Agreement, Valiotis continued to owe a fiduciary duty to Kefalas with regard to the grant disbursements as part of the winding up of that venture (see 48A CJS, Joint Ventures § 16 ["[T]he joint venturers continue to owe a fiduciary duty to each other during the winding up process until the venture's affairs are settled"]; see also Matter of Silverberg [Schwartz], 81 AD2d 640, 641 n; 15A NY Jur2d, Business Relationships § 1823). Here, the defendants failed to establish, prima facie, that the $20,000 processing fee was a proper expense to deduct under the terms of the 2012 Purchase Agreement.
However, the Supreme Court should not have awarded attorneys' fees to the plaintiffs under the terms of the 2012 Purchase Agreement. That provision only allows for an award of attorneys' fees to the "successful party" in the event of litigation. In general, contractual provisions awarding attorneys' fees are to be construed strictly (see 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990; see also Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492). "Only a prevailing party is entitled to recover an attorney's fee, and, to be considered a prevailing party, a party must be successful with respect to the central relief sought" (Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 191 AD3d 939, 942 [alterations and internal quotation marks omitted]; see O'Donnell v JEF Golf Corp., 173 AD3d 1528, 1532). "'Such a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope'" (Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 191 AD3d at 942, quoting DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776). Here, considering the scope of the dispute litigated and what was achieved within that scope, the plaintiffs constitute neither "prevailing" nor "successful" parties under the terms of the 2012 Purchase Agreement and thus are not entitled to an award of attorneys' fees pursuant to those terms (see Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 191 AD3d at 942; DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d at 776).
The parties' remaining contentions either are without merit or need not be reached in light of our determinations.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court