**Innovative Sec. Ltd. v OBEX Sec. LLC**

2024 NY Slip Op 31060(U)

April 2, 2024

Supreme Court, New York County

Docket Number: Index No. 650685/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

INNOVATIVE SECURITIES LTD,

Plaintiff,

- v -

OBEX SECURITIES LLC,PRIME CAPITAL LTD, COWEN INC.,COWEN INTERNATIONAL, RANDY KATZENSTEIN

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650685/2023 |
| **MOTION DATE** | 05/18/2023, 05/22/2023, 06/29/2023, 12/19/2023 |
| **MOTION SEQ. NO.** | 001 002 004 005 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 58
were read on this motion to/for                                         DISMISS                                         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 47, 48, 59
were read on this motion to/for                                         DISMISS                                         .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 49, 50, 51, 52, 53, 54, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70
were read on this motion to/for                                         DISMISS                                         .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 84, 85
were read on this motion to/for                                         STAY                                         .

Upon the foregoing documents,

Cowen Inc. and Cowen International (collectively, **Cowen**)'s motion to dismiss (Mtn. Seq. No. 002) is granted.  At bottom, this lawsuit is predicated on Innovative's allegation that Cowen made an improper margin call pursuant to a relationship established by an Acceptance Letter (NYSCEF Doc. No. 17) and its incorporated Cowen International Prime Brokerage Terms

650685/2023   INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL
Motion No.  001 002 004 005

Page 1 of 7

(NYSCEF Doc. No. 18) which contains a mandatory forum selection clause designating that all claims must be brought in England:

> This Letter of Acceptance and the Customer Documents and Customer Agreement and any non-contractual matters arising out of or in connection with any of them, *shall be governed by the laws of England and subject to the exclusive jurisdiction of the courts of England* unless otherwise provided in any individual Customer Document

(NYSCEF Doc. No. 17, § 10 [emphasis added]).

Innovative, as successor to Innovative Securities New Zealand (**Innovative NZ**) the party that signed the Acceptance Letter (NYSCEF Doc. No. 4 at ¶ 11) appointing Cowen International as prime broker, is bound by that agreement.

This is the beginning and end of Innovative's claims against Cowen arising out the Acceptance Letter in this Court, as no fraud is alleged as it relates to the parties' agreement in the Acceptance Letter to litigate disputes in England. As successor to the New Zealand company, the Belize company of the same name (*i.e.*, the Plaintiff) is bound by the terms of the Acceptance Letter, including the forum selection clause (*Aguas Lenders Recovery Group v Suez, S.A.*, 585 F3d 696, 701 [2d Cir 2009] [holding successors in interest are subject to the presumptive enforceability of forum selection clauses]).

While Innovative contends that the Acceptance Letter and Terms were "no longer in force" and "no longer operative" after it entered the agreement with Prime and at the time of the margin calls (NYSCEF Doc. Nos. 4, ¶¶ 41, 56; 32, at 31), Innovative does not allege that these agreements were terminated. Section 16.2 of the Terms requires 30 days' notice in writing to

**650685/2023  INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL**
**Motion No.  001 002 004 005**

**Page 2 of 7**

2 of 7

effect a termination (NYSCEF Doc. No. 18, § 16.2). Furthermore, both the Terms and the Acceptance Letter (via incorporation of the Terms) expressly provide that their respective forum selection clauses survive termination (NYSCEF Doc. Nos. 17, § 9; 18, § 16.2). Thus, the forum selection clauses contained in the Acceptance Letter and Terms are valid and enforceable (*Getty Props. Corp. v Getty Petroleum Marketing Inc.*, 106 AD3d 429, 430 [1st Dept 2013] [holding termination of lease does not prevent enforcement of its forum selection clause]). Accordingly, Innovative's claims against Cowen are dismissed with prejudice.

Additionally, the Complaint must be dismissed against Cowen International because this Court does not have personal jurisdiction over Cowen International. Being an affiliate of a company that is subject to personal jurisdiction does not establish general jurisdiction. The allegations in the Complaint are insufficient to establish specific jurisdiction over Cowen International under New York's long-arm statute (CPLR 302; *Starr Russia Investments III B.V. v Deloitte Touche Tohumatsu Ltd.*, 169 AD3d 421, 422 [1st Dept 2019]).

OBEX Securities LLC (**OBEX**) and Randy Katzenstein's motion to dismiss (Mtn. Seq. No. 001) is also granted. There simply is no actionable claim against these Defendants set forth in the Complaint. Whatever actionable harm there may be, the harm was occasioned by Cowen's allegedly inappropriate margin call. Thus, these allegations must be addressed, as discussed above, in the Courts of England.

Cowen's motion to dismiss Prime Capital Ltd (**Prime**)'s cross-claims (Mtn. Seq. No. 004) must also be granted. Prime appointed Cowen International as its prime broker pursuant to a

**650685/2023  INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL**
**Motion No.  001 002 004 005**

Page 3 of 7

3 of 7

[* 3]

December 18, 2019 Acceptance Letter and its incorporated Terms (NYSCEF Doc. Nos. 52, 53; collectively, the **Prime-Cowen Agreements**). In relation to the margin calls, OBEX and Prime previously brought suit against Cowen International in England (the **UK Litigation**), alleging breaches of the Prime-Cowen Agreements (NYSCEF Doc. No. 28), which litigation was settled according to the terms of the December 15, 2022 settlement agreement (the **Settlement Agreement**; NYSCEF Doc. No. 54). The Settlement Agreement provided for the release of any claims between Prime and Cowen International and their related entities "arising out of or in connection with, the Prime Dispute [*i.e.*, the UK Litigation] or the CIL/Prime Capital Agreement [*i.e.*, the Prime-Cowen Agreements]" (NYSCEF Doc. No. 54, §§ 5.1, 5.2).

The Prime-Cowen Agreements and the Settlement Agreement all contain forum selection clauses providing all disputes arising out of these agreements are subject to the exclusive jurisdiction of the Courts of England. Section 10 of Prime's Acceptance Letter with Cowen International contains a mandatory forum selection clause identical to that contained in Innovative's Acceptance Letter with Cowen International, designating that all claims must be brought in England:

> This Letter of Acceptance and the Customer Documents and Customer Agreement and any non-contractual matters arising out of or in connection with any of them, ***shall be governed by the laws of England and subject to the exclusive jurisdiction of the courts of England*** unless otherwise provided in any individual Customer Document

(NYSCEF Doc. No. 52, § 10 [emphasis added]).

Section 13 of the Settlement Agreement similarly designates that all claims arising from it must be brought in England:

**650685/2023 INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL**
**Motion No. 001 002 004 005**

**Page 4 of 7**

4 of 7

13.1　　Any dispute arising out of or in connection with, or concerning the carrying into effect of, this Settlement Agreement, including non-contractual disputes, ***will be subject to the exclusive jurisdiction of the courts of England and Wales***, and the Parties irrevocably submit to the exclusive jurisdiction of the courts of England and Wales for these purposes

(NYSCEF Doc. No. 54, § 13.1 [emphasis added]).

However, Prime here asserts five cross-claims against Cowen, relying on Section 5.3 of the

Settlement Agreement, which contemplates the potential of a suit brought by Innovative and

allows for the assertion of cross-claims in such "Innovative Proceedings:"

5.3　　The Parties acknowledge that Innovative Securities Limited ("Innovative") has threatened to commence proceedings against OBEX Securities LLC, Prime Capital, Cowen Inc, CIL and Randy Katzenstein in connection with the facts which are the subject of the Prime Dispute (the "Innovative Proceedings").

5.3.1　　Nothing in this Settlement Agreement shall prevent, preclude or in any way restrict (a) any Party from asserting any defence in the Innovative Proceedings (or in response to any other claims asserted by Innovative*) or (b) any Party from asserting any claim or cross-claim against another Party or its Related Parties in the Innovative Proceedings* (or in response to any other claims asserted by Innovative). For avoidance of doubt, any claim or cross-claim that any Party can assert against any other Party in, in connection with or arising out of the Innovative Proceedings is expressly reserved and preserved, without limitation.

(NYSCEF Doc. No. 54, § 5.3 [emphasis added]).

Prime also relies on the merger clause of the Settlement Agreement, which provides:

11.1　　This Settlement Agreement ***constitutes the whole agreement between the Parties and supersedes any previous arrangement, understanding or agreement*** between them relating to this Settlement Agreement's subject matter, which for the avoidance of doubt includes the Prime Dispute

(*id.*, § 11.1 [emphasis added]).

**650685/2023   INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL**
**Motion No.  001 002 004 005**

**Page 5 of 7**

5 of 7

Prime argues that § 5.3 provides a carveout from the Settlement Agreement's forum selection clause, and further that this provision in combination with § 11.1 supersedes the forum selection clauses in the Prime-Cowen Agreements such that Prime may bring its cross-claims against Cowen in this action. The argument fails. If the Settlement Agreement supersedes the Prime-Cowen Agreements, then Prime cannot sue on the provisions of the Prime-Cowen Agreements and must sue only on the Settlement Agreement, which it does not purport to do and which claims must be brought in England (*Kefalas v Valiotis*, 197 AD3d 698 [2d Dept 2021] ["where the parties have clearly expressed or manifested their intention that a subsequent agreement supersede or substitute for an old agreement, the subsequent agreement extinguishes the old one and the remedy for any breach thereof is to sue on the superseding agreement."]). If the Settlement Agreement does not supersede the Prime-Cowen Agreements, then Prime is bound by the mandatory forum selection clauses provided in the Prime-Cowen Agreements, and must bring any unreleased claims in England. Prime does not otherwise contest the validity of these forum selection clauses. As such, Prime's cross-claims must be dismissed, with prejudice.

Cowen's motion for a stay pending resolution of its motions to dismiss (Mtn. Seq. No. 005) is denied as moot.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby

650685/2023   INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL
Motion No.  001 002 004 005

Page 6 of 7

6 of 7

ORDERED that Defendants OBEX and Katzenstein motion to dismiss (Mtn. Seq. No. 001) is granted with prejudice; and it is further

ORDERED that the Cowen Defendants' motion to dismiss Innovative's claims (Mtn. Seq. No. 002) is granted with prejudice; and it is further

ORDERED that the Cowen Defendants' motion to dismiss Prime's cross-claims (Mtn. Seq. No. 004) is granted with prejudice; and it is further

ORDERED that the Cowen Defendants' motion to staying discovery (Mtn. Seq. No. 005) is denied as moot.

20240329160110ADBORROK5D7C7C72330A4F13B2B38535DA427C7B

__3/29/2024__
DATE

ANDREW BORROK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650685/2023   INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL
Motion No.  001 002 004 005

Page 7 of 7

7 of 7