Malan v QPS 23-10 Dev., LLC (2025 NY Slip Op 02062)

Malan v QPS 23-10 Dev., LLC

2025 NY Slip Op 02062

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-08609
 (Index No. 14193/15)

[*1]Julio Malan, plaintiff, 
v
QPS 23-10 Development, LLC, defendant second third-party plaintiff-respondent, et al., defendants; General Casualty Company of Wisconsin, second third-party defendant-appellant (and another third-party action).

Chiesa Shahinian & Giantomasi P.C. (Adam P. Friedman and Gerber Ciano Kelly Brady LLP, Garden City, NY [Brendan T. Fitzpatrick and Scott S. Orenstein], of counsel), for second third-party defendant-appellant.
Baron Samson LLP, New York, NY (Elliott Joffe of counsel), for defendant second third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the second third-party defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 12, 2022. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated July 12, 2021, as, in effect, denied those branches of the defendant second third-party plaintiff's motion which were for summary judgment on the second third-party cause of action for contractual indemnification and dismissing the second third-party defendant's counterclaim for contractual indemnification, and thereupon granted those branches of the motion.
ORDERED that the order dated August 12, 2022, is affirmed insofar as appealed from, with costs.
Pursuant to a contract (hereinafter the original contract), the defendant QPS 23-10 Developer, LLC (hereinafter QPS Developer), hired New Millennium Structures, LLC (hereinafter New Millennium), to furnish and install concrete and related materials (hereinafter the concrete work) for a construction project in Long Island City. Under the original contract, New Millennium agreed to indemnify QPS Developer for any liability for personal injury sustained as a result of the performance of the concrete work.
In October 2014, as permitted by the terms of the original contract, QPS Developer assigned the original contract to the defendant QPS 23-10 Development, LLC (hereinafter QPS Development). That same month, General Casualty Company of Wisconsin (hereinafter General Casualty) issued a performance bond and established itself as the surety with respect to the concrete work.
In June 2015, QPS Development declared that New Millennium had defaulted on its obligations under the original contract. Thereafter, QPS Development and General Casualty entered into a surety takeover agreement (hereinafter the takeover agreement) whereby General Casualty [*2]undertook "to cause the performance of each and every one of the terms, covenants and conditions of the [original contract]." In August 2015, General Casualty, as surety, entered into a completion contract with Alpha/Omega Concrete Corp. (hereinafter AO Concrete) to complete the concrete work.
On October 8, 2015, the plaintiff, an employee of AO Concrete, allegedly sustained injuries when he fell at the construction site. In December 2015, the plaintiff commenced this personal injury action against the defendants, including QPS Development.
In January 2016, QPS Development submitted a claim to General Casualty in the sum of $12,580,506.56 for damages allegedly relating to New Millennium's default under the original contract. QPS Development and General Casualty settled that claim pursuant to a settlement agreement and release (hereinafter the settlement agreement) and an associated assignment of General Casualty's rights and obligations under the completion contract to QPS Development.
In March 2019, QPS Development commenced a second third-party action against General Casualty, asserting, inter alia, a cause of action for contractual indemnification. In its answer, General Casualty asserted a counterclaim against QPS Development for contractual indemnification.
Thereafter, QPS Development moved, among other things, for summary judgment on the second third-party cause of action for contractual indemnification and dismissing General Casualty's counterclaim for contractual indemnification. In an order dated July 12, 2021, the Supreme Court, inter alia, in effect, denied those branches of QPS Development's motion. QPS Development subsequently moved for leave to reargue those branches of its motion. In an order dated August 12, 2022, the court, among other things, granted QPS Development's motion for leave to reargue and, upon reargument, granted those branches of QPS Development's prior motion which were for summary judgment on the second third-party cause of action for contractual indemnification and dismissing General Casualty's counterclaim for contractual indemnification. General Casualty appeals from the order dated August 12, 2022.
"A release is a contract, and its construction is governed by contract law" (Burnside 711, LLC v Amerada Hess Corp., 175 AD3d 557, 559 [internal quotation marks omitted]; see Sjogren v Board of Trustees of Dutchess Community Coll., 216 AD3d 836, 837). "[A] general release may not be read to cover matters which the parties did not desire or intend to dispose of" (Huma v Patel, 68 AD3d 821, 822; see John v Elefante, 210 AD3d 669, 671). "Where a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement" (O'Hara v Magee, 212 AD3d 833, 834 [internal quotation marks omitted]; see Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 962).
Here, QPS Development demonstrated its prima facie entitlement to judgment as a matter of law on the second third-party cause of action for contractual indemnification against General Casualty, and General Casualty failed to raise a triable issue of fact in opposition. QPS Development submitted, inter alia, the original contract, the takeover agreement, the settlement agreement, and the assignment. The original contract contains a broad indemnification provision obligating New Millennium to "defend, indemnify and hold harmless" QPS Development, as assignee of QPS Developer's rights under the original contract, with respect to "all losses [and] claims . . . arising out of or in connection with," inter alia, any personal injury sustained as a result of the performance of the concrete work. The takeover agreement incorporates the original contract by reference except in the case of conflict or inconsistencies, in which case the terms of the takeover agreement would "supersede and amend" the original contract. Further, the takeover agreement requires General Casualty to ensure that AO Concrete procured insurance naming QPS Development and affiliated entities as additional insureds.
General Casualty does not directly dispute that it had a contractual obligation to indemnify QPS Development consistent with the original contract prior to entering into the settlement agreement and the associated assignment. To the contrary, General Casualty contends that its indemnification obligation to QPS Development with respect to the plaintiff's personal injury [*3]claim was extinguished by the settlement agreement and the assignment. This contention is without merit. Paragraph 8 of the settlement agreement expressly exempts from release "any claims by third parties for personal injury for which [General Casualty] is liable." This exception to the general release provisions is a specific provision that overrides the general release language. A contrary interpretation would nullify the personal injury exception contained in paragraph 8 of the settlement agreement. Under relevant principles of interpretation, the language of the settlement agreement demonstrates the parties' intent to preserve General Casualty's obligation to indemnify QPS Development with respect to the plaintiff's personal injury claim (see generally Kefalas v Valiotis, 197 AD3d 698, 702).
General Casualty's remaining contentions are without merit.
Accordingly, upon reargument, the Supreme Court properly granted those branches of QPS Development's motion which were for summary judgment on the second third-party cause of action for contractual indemnification and dismissing General Casualty's counterclaim for contractual indemnification.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court