23-35 Bridge St., LLC v Excel Automotive Tech Ctr., Inc. (2026 NY Slip Op 00337)

23-35 Bridge St., LLC v Excel Automotive Tech Ctr., Inc.

2026 NY Slip Op 00337

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM G. FORD, J.P.
LILLIAN WAN
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-05186
 (Index No. 11088/03)

[*1]23-35 Bridge Street, LLC, appellant,
vExcel Automotive Tech Center, Inc., respondent.

Taft, Stettinius & Hollister LLP (Michael L. Pomeranz, Jordan S. Bolton, pro hac vice, and Strauss Law PLLC, New York, NY [Jesse Strauss], of counsel), for appellant.
Rosenberg & Estis, P.C., New York, NY (Norman Flitt and Travis S. Roher of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that an option to purchase certain real property is unenforceable and nonpayment proceeding, the plaintiff/petitioner appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated April 10, 2023. The order, insofar as appealed from, denied those branches of the plaintiff/petitioner's motion which were for an award of lost market rents and attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2003, the predecessor in interest of the plaintiff/petitioner (hereinafter the plaintiff) commenced an action for a judgment declaring that an option allowing the defendant/respondent (hereinafter the defendant) to purchase certain property contained in the parties' lease was unenforceable (hereinafter the declaratory judgment action). The defendant asserted counterclaims for equitable relief. In December 2009, the property was conveyed to the plaintiff, and thereafter, the plaintiff commenced a nonpayment proceeding against the defendant in the Civil Court. In September 2011, the defendant moved, inter alia, to remove the nonpayment proceeding to the Supreme Court and pursuant to CPLR 602 to consolidate the nonpayment proceeding with the declaratory judgment action. By a so-ordered stipulation dated September 14, 2011 (hereinafter the so-ordered stipulation), the Supreme Court, among other things, consolidated the nonpayment proceeding with the declaratory judgment action. The nonpayment proceeding was "resolved" by the defendant's payment of rent arrears from January through September 2011 pursuant to the terms of the so-ordered stipulation "in full settlement of all claims." The so-ordered stipulation further provided that the defendant could remain in possession of the property as a month-to-month tenant, subject to the provisions of the expired lease, until a final determination was rendered in the declaratory judgment action. The plaintiff, which was substituted for its predecessor in interest, ultimately prevailed at trial in the declaratory judgment action, and a judgment dated January 16, 2019, was entered, declaring that the option to purchase the property was unenforceable, awarding possession of the property to the plaintiff, and directing the issuance of a warrant of eviction.
In August 2019, the plaintiff moved, inter alia, for an award of lost market rents from [*2]the time the lease expired on April 29, 2005, to the present day and attorneys' fees incurred over the course of the litigation pursuant to paragraphs 20 and 38 of the lease agreement. In an order dated April 10, 2023, the Supreme Court, among other things, denied those branches of the motion. The plaintiff appeals.
The Supreme Court determined, inter alia, that the so-ordered stipulation precluded consideration of that branch of the plaintiff's motion which was for an award of lost market rents. Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in determining that the doctrine of law of the case precluded its consideration of whether the plaintiff was entitled to an award of lost market rents (see Bank of N.Y. Mellon v Singh, 205 AD3d 866, 867; Ruffino v Green, 72 AD3d 785, 786). Although this Court is not bound by the Supreme Court's prior determination pursuant to the doctrine of law of the case, under the circumstances presented, no basis exists to disturb the Supreme Court's invocation of that doctrine (see Kanes v Kanes, 230 AD3d 662, 664; Odierna v RSK, LLC, 171 AD3d 769, 772; Debcon Fin. Servs., Inc. v 83-17 Broadway Corp., 126 AD3d 752, 754-755).
In general, "'a contractual provision assuming an obligation to indemnify a party for attorneys' . . . fees must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed'" (Pickett v 992 Gates Ave. Corp., 114 AD3d 740, 741 [internal quotation marks omitted], quoting Spodek v Neiss, 86 AD3d 561, 561; see Kefalas v Valiotis, 197 AD3d 698, 703). Contrary to the plaintiff's contention, the Supreme Court did not err in determining that the plaintiff was not entitled to an award of attorneys' fees pursuant to the lease agreement (see Kefalas v Valiotis, 197 AD3d at 703).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for an award of lost market rents and attorneys' fees.
FORD, J.P., WAN, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court