**Dewald v Massachusetts Mut. Ins. Co.**

2024 NY Slip Op 34300(U)

November 29, 2024

Supreme Court, New York County

Docket Number: Index No. 655380/2023

Judge: Suzanne J. Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. SUZANNE J. ADAMS

*Justice*

PART      39M

------------------------------------------------------------------------X

JEROME DEWALD,

Plaintiff,

- v -

MASSACHUSETTS MUTUAL INSURANCE COMPANY, MASSMUTUAL METRO NEW YORK, STEPHEN L. GROSSMAN, JAMES FAY, and JOHN DOE,

Defendants.

------------------------------------------------------------------------X

INDEX NO.     655380/2023

MOTION DATE     N/A

MOTION SEQ. NO.     001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50

were read on this motion to/for      COMPEL ARBITRATION      .

In this action, defendants Massachusetts Mutual Insurance Company and MassMutual Metro New York ("defendants") move, pursuant to CPLR 3211, 7503 (a) and 2201, and the Federal Arbitration Act 9 USC § 3, for an order compelling arbitration and staying this action pending resolution of the arbitration, or, in the alternative, dismissing the amended complaint. Plaintiff Jerome Dewald opposes. Upon the foregoing documents and following oral arguments, the branch of defendants' motion to compel arbitration is granted, and the relief for dismissal is denied as moot.

Plaintiff alleges causes of action against all parties for unjust enrichment, misappropriation of intellectual property, breach of contract, fraudulent inducement, promissory estoppel, breach of the implied covenant of good faith and fair dealing, and wrongful termination (NY St Cts Elec Filing [NYSCEF] Doc No. 6, amended complaint). He alleges that during the interview process for a financial sales manager position, defendants did not ask him about his prior criminal conviction (*id.*). He did not sign the "A Contract" because he was unwilling to attest to the fact

655380/2023  JEROME DEWALD vs. MASSMUTUAL METRO NEW YORK ET AL
Motion No.  001

Page 1 of 4

that he had never been convicted of a felony and had issues with the software, and it was completed by a representative of defendants (*id.*). He signed the "B Contract" and made investments in his position (*id.*). During the FINRA application process, plaintiff disclosed his felony criminal charges (*id.*). Defendants refused to sponsor plaintiff for the FINRA series and on March 20, 2023, verbally terminated his employment (*id.*). Plaintiff claims that following the termination, defendants unlawfully confiscated his property and business intellectual property (*id.*).

In support of their motion, defendants argue that plaintiff clicked "I accept" and "submit" on the "A Contract" and the "Registration Only Contract," which included the arbitration provisions. Plaintiff opposes on the grounds that he did not click "I accept" on the contracts, and the arbitration clause is unconscionable and unenforceable. The arbitration provisions in the agreements between plaintiff and defendants provides in pertinent part:

> "[T]he parties mutually agree to resolve by arbitration all claims or controversies . . . that the Agent may have against any of the following: (a) General Agent or the Company, (b) General Agent's or Company's officers, directors, employees or agents in their capacity . . . The Federal Arbitration Act will govern the interpretation, enforcement, and all proceedings pursuant to this Section . . . Arbitrable claims include but are not limited to contract claims, tort claims, and claims for violation of any federal, state, or other governmental law, statute (including anti-discrimination statutes) . . ." (*see* NYSCEF Doc No. 8 ¶ 37).

New York public policy strongly supports arbitration (*see American Intl. Specialty Lines Ins. Co. v Allied Capital Corp.*, 35 NY3d 64, 70 [2020]). "Where there is no substantial question whether a valid agreement [to arbitrate] was made or complied with . . . the court shall direct the parties to arbitrate . . . the order shall operate to stay a pending . . . action . . . (*see* CPLR 7503 [a]). Thus, on a motion to compel arbitration, a court must first "determine whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the

scope of their arbitration agreement" (*Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, Inc.*, 67 NY2d 997, 999 [1986]). "The agreement must be clear, explicit, and unequivocal" (*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 132-133 [1st Dept 2014] [citations omitted]). CPLR 2201 provides in pertinent part that "the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." Here, the plain language of the arbitration provision evinces the parties' intention to arbitrate all disputes which the parties have against each other. The dispute between the parties directly relates to claims for breach of the contract, wrongful termination, and theft of intellectual property, which are arbitrable pursuant to the provision. The court is unpersuaded by plaintiff's arguments and finds that based on the record, the arbitration clause is a valid and enforceable provision of the agreement (*see Flores v Lower E. Side Serv. Ctr.*, 4 NY3d 363, 370 [2005] [An arbitration agreement need not be signed so long as it is evident from the totality of circumstances that the parties intended to be bound by documents containing arbitration obligations]). Thus, arbitration and a stay of this action are required.

All remaining arguments have been considered and are either without merit or need not be addressed given the findings above. Accordingly, it is hereby

ORDERED that defendants Massachusetts Mutual Insurance Company and MassMutual Metro New York's motion pursuant to CPLR 7503 and 2201 to compel arbitration and to stay this action is granted, and pursuant to CPLR 3211 to dismiss the amended complaint is moot and denied; and it is further

ORDERED that plaintiff Jerome Dewald shall arbitrate his claims against defendants Massachusetts Mutual Insurance Company and MassMutual Metro New York in accordance with the contract; and it is further

ORDERED that all proceedings in this action are hereby stayed, except for an application to vacate or modify said stay; and it is further

ORDERED that either party may make an application by order to show cause to vacate or modify this stay upon the final determination of the arbitration.

This constitutes the decision and order of the court.

| 11/29/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **SUZANNE J. ADAMS, J.S.C.** | | |
| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

655380/2023   JEROME DEWALD vs. MASSMUTUAL METRO NEW YORK ET AL          Page 4 of 4
Motion No. 001

4 of 4